# U.S. District Court
## U.S. District of Minnesota (DMN)
## CIVIL DOCKET FOR CASE #: 0:24−cv−00434−DWF−ECW
### *Internal Use Only*

| | |
|---|---|
| Knapp v. Wings Credit Union | Date Filed: 02/12/2024 |
| Assigned to: Judge Donovan W. Frank | Date Terminated: 11/04/2024 |
| Referred to: Magistrate Judge Elizabeth Cowan Wright | Jury Demand: Plaintiff |
| Demand: $9,999,000 | Nature of Suit: 140 Negotiable Instrument |
| Cause: 28:1331 Fed. Question | Jurisdiction: Federal Question |

**Plaintiff**

| | | |
|---|---|---|
| **Preston Byron Knapp** | represented by | **Preston Byron Knapp** |
| | | 2624 North Saunders Lake Drive |
| | | Minnestrista, MN 55364 |
| | | 262−496−8083 |
| | | Email: pknapp5@gmail.com |
| | | PRO SE |

V.

**Defendant**

| | | |
|---|---|---|
| **Wings Credit Union** | represented by | **Lisa Lamm Bachman** |
| *also known as* | | Foley & Mansfield, PLLP |
| Wings Financial Credit Union | | 250 Marquette Avenue |
| | | Suite 540 |
| | | Minneapolis, MN 55401 |
| | | 612−338−8788 |
| | | Fax: 612−338−8690 |
| | | Email: llammbachman@foleymansfield.com |
| | | *LEAD ATTORNEY* |
| | | *ATTORNEY TO BE NOTICED* |
| | | |
| | | **Paul William Magyar** |
| | | Foley & Mansfield, PLLP |
| | | 250 Marquette Avenue |
| | | Suite 540 |
| | | Minneapolis, MN 55401 |
| | | 612−338−8788 |
| | | Email: pmagyar@foleymansfield.com |
| | | *LEAD ATTORNEY* |
| | | *ATTORNEY TO BE NOTICED* |
| | | |
| | | **Tessa A. Mansfield** |
| | | Foley & Mansfield, PLLP |
| | | None |
| | | 250 Marquette Avenue |
| | | Suite 540 |

Minneapolis, MN 55401
612–338–8788
Fax: 612–338–8690
Email: tmansfield@foleymansfield.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

Email All Attorneys
Email All Attorneys and Additional Recipients

| Date Filed | # | Docket Text |
|---|---|---|
| 02/12/2024 | 1 | COMPLAINT against Wings Credit Union filed by Preston Byron Knapp. Case assigned to Judge Donovan W. Frank per 3rd, 4th – Master list, referred to Magistrate Judge Elizabeth Cowan Wright. (Attachments: # 1 Civil Cover Sheet, # 2 Envelope) (jam) Document QCd on 3/7/2024 (MMG). (Entered: 02/12/2024) |
| 02/12/2024 | 2 | LETTER from Clerk's Office to re: Filing Fee, enclosing (AO 239) Application to Proceed in District Court Without Prepaying Fees or Costs cc: Preston Byron Knapp (jam) (Entered: 02/12/2024) |
| 02/13/2024 | 3 | RECEIPT number AMNDC–0000602 in the amount of $405.00 issued to Preston Knapp. (KMO) (Entered: 02/13/2024) |
| 02/14/2024 | 4 | Summons Issued as to Wings Credit Union. (MKB) cc: Knapp with Info Sheet on Service. Modified text on 2/14/2024 (MKB). (Entered: 02/14/2024) |
| 02/28/2024 | 5 | Clerk's Notice of APPLICATION FOR PRO SE LITIGANT TO FILE ELECTRONICALLY. Preston Byron Knapp is GRANTED e–filing privileges in this case. Pursuant to F.R.Cv.P. Rule 5 and 7(d), Preston Byron Knapp has consented to electronic service and has agreed to waive service by other means for all subsequent filings in this case, except when electronic service is not allowed under the rules. (KMO) (Entered: 02/28/2024) |
| 03/13/2024 | 6 | NOTICE of Appearance by Tessa A. Mansfield on behalf of Wings Credit Union. (Mansfield, Tessa) (Entered: 03/13/2024) |
| 03/13/2024 | 7 | MOTION to Dismiss/General filed by Wings Credit Union. (Mansfield, Tessa) (Entered: 03/13/2024) |
| 03/13/2024 | 8 | NOTICE OF HEARING ON MOTION 7 MOTION to Dismiss/General : Date and time to be determined. (Mansfield, Tessa) (Entered: 03/13/2024) |
| 03/13/2024 | 9 | MEMORANDUM in Support re 7 MOTION to Dismiss/General filed by Wings Credit Union. (Attachments: # 1 LR7.1/LR72.2 Word Count Compliance Certificate)(Mansfield, Tessa) (Entered: 03/13/2024) |
| 03/13/2024 | 10 | Declaration of Tessa Mansfield Hirte in Support of 7 MOTION to Dismiss/General filed by Wings Credit Union. (Attachments: # 1 Exhibit(s) 1, # 2 Exhibit(s) 2, # 3 Exhibit(s) 3, # 4 Exhibit(s) 4, # 5 Exhibit(s) 5)(Mansfield, Tessa) (Entered: 03/13/2024) |
| 03/13/2024 | 11 | MEET and CONFER STATEMENT re 7 Motion to Dismiss/General filed by Wings Credit Union.(Mansfield, Tessa) (Entered: 03/13/2024) |
| 03/13/2024 | 12 | |

| | | PROPOSED ORDER TO JUDGE re 7 MOTION to Dismiss/General filed by Wings Credit Union.(Mansfield, Tessa) (Entered: 03/13/2024) |
|---|---|---|
| 03/13/2024 | 13 | First MOTION to Strike Pleading 7 MOTION to Dismiss/General filed by Preston Byron Knapp. (Knapp, Preston) (Entered: 03/13/2024) |
| 03/13/2024 | 14 | EXHIBIT *A – Meet & Confer Request* re 13 First MOTION to Strike Pleading 7 MOTION to Dismiss/General filed by Preston Byron Knapp.(Knapp, Preston) (Entered: 03/13/2024) |
| 03/13/2024 | 15 | PROPOSED ORDER TO JUDGE re 13 First MOTION to Strike Pleading 7 MOTION to Dismiss/General filed by Preston Byron Knapp.(Knapp, Preston) (Entered: 03/13/2024) |
| 03/13/2024 | 16 | First MOTION for Sanctions *Against Attorney Tessa Mansfield Hirte* filed by Preston Byron Knapp. (Knapp, Preston) (Entered: 03/13/2024) |
| 03/13/2024 | 17 | PROPOSED ORDER TO JUDGE re 16 First MOTION for Sanctions *Against Attorney Tessa Mansfield Hirte* filed by Preston Byron Knapp.(Knapp, Preston) (Entered: 03/13/2024) |
| 03/15/2024 | 18 | SUMMONS Returned Executed by Preston Byron Knapp. Wings Credit Union served on 3/15/2024, answer due 4/5/2024. (Attachments: # 1 Affidavit of Service Wings)(Knapp, Preston) Modified text on 3/19/2024 (MKB). (Entered: 03/15/2024) |
| 03/17/2024 | 19 | NOTICE by Preston Byron Knapp (Knapp, Preston) (Entered: 03/17/2024) |
| 03/20/2024 | 20 | MEMORANDUM in Opposition re 13 First MOTION to Strike Pleading 7 MOTION to Dismiss/General filed by Wings Credit Union. (Attachments: # 1 LR7.1/LR72.2 Word Count Compliance Certificate)(Mansfield, Tessa) (Entered: 03/20/2024) |
| 03/20/2024 | 21 | DECLARATION of Tessa Mansfield Hirte in Opposition to 13 First MOTION to Strike Pleading 7 MOTION to Dismiss/General filed by Wings Credit Union. (Attachments: # 1 Exhibit(s) 1)(Mansfield, Tessa) (Entered: 03/20/2024) |
| 03/20/2024 | 22 | MEMORANDUM in Opposition re 16 First MOTION for Sanctions *Against Attorney Tessa Mansfield Hirte* filed by Wings Credit Union. (Attachments: # 1 LR7.1/LR72.2 Word Count Compliance Certificate)(Mansfield, Tessa) (Entered: 03/20/2024) |
| 03/20/2024 | 23 | DECLARATION of Tessa Mansfield Hirte in Opposition to 16 First MOTION for Sanctions *Against Attorney Tessa Mansfield Hirte* filed by Wings Credit Union. (Attachments: # 1 Exhibit(s) 1, # 2 Exhibit(s) 2, # 3 Exhibit(s) 3, # 4 Exhibit(s) 4, # 5 Exhibit(s) 5)(Mansfield, Tessa) (Entered: 03/20/2024) |
| 04/18/2024 | 24 | MOTION for Sanctions filed by Wings Credit Union. (Mansfield, Tessa) (Entered: 04/18/2024) |
| 04/18/2024 | 25 | NOTICE OF HEARING ON MOTION 24 MOTION for Sanctions : Date and time to be determined. (Mansfield, Tessa) (Entered: 04/18/2024) |
| 04/18/2024 | 26 | MEMORANDUM in Support re 24 MOTION for Sanctions filed by Wings Credit Union. (Attachments: # 1 LR7.1/LR72.2 Word Count Compliance Certificate)(Mansfield, Tessa) (Entered: 04/18/2024) |
| 04/18/2024 | 27 | Declaration of Tessa Mansfield Hirte in Support of 24 MOTION for Sanctions filed by Wings Credit Union. (Attachments: # 1 Exhibit(s) A, # 2 Exhibit(s) B, # 3 Exhibit(s) C)(Mansfield, Tessa) (Entered: 04/18/2024) |

| 04/18/2024 | 28 | PROPOSED ORDER TO JUDGE re 24 MOTION for Sanctions filed by Wings Credit Union.(Mansfield, Tessa) (Entered: 04/18/2024) |
|---|---|---|
| 04/19/2024 | 29 | TEXT ONLY ORDER – The Court has reviewed the pending motions filed in this case. These include motions filed at Doc. Nos. 7 , 13 , 16 , and 24 . It appears that all motions, with the exception of Defendant's Motion for Sanctions at Doc. No. 24 , are fully briefed and ready for the Court's consideration. The Court will permit Plaintiff to file a response to Defendant's motion for sanctions. Once that motion is fully briefed, the Court will take all pending matters under advisement and will rule on the papers, without oral argument. With the exception of Plaintiff's response brief noted above, the parties shall refrain from filing any additional motions until the Court rules on the motions presently on the docket. Ordered by Judge Donovan W. Frank on 4/19/2024.(las) (Entered: 04/19/2024) |
| 04/24/2024 | 30 | RESPONSE in Opposition re 24 MOTION for Sanctions filed by Preston Byron Knapp.(Knapp, Preston) (Entered: 04/24/2024) |
| 06/14/2024 | 31 | First MOTION to Alter/Amend/Supplement Pleadings 1 Complaint, *Wings* filed by Preston Byron Knapp. (Attachments: # 1 Exhibit(s) Exhibit A – Wings – Amended Complaint for Damages, # 2 Proposed Order Granting – Wings – Amended Complaint for Damages)(Knapp, Preston) (Entered: 06/14/2024) |
| 06/21/2024 | 32 | MEMORANDUM in Opposition re 31 First MOTION to Alter/Amend/Supplement Pleadings 1 Complaint, *Wings* filed by Wings Credit Union. (Attachments: # 1 LR7.1/LR72.2 Word Count Compliance Certificate)(Magyar, Paul) (Entered: 06/21/2024) |
| 06/28/2024 | 33 | REPLY re 32 Memorandum in Opposition to Motion *for Leave to Amend Complaint for Damages* filed by Preston Byron Knapp.(Knapp, Preston) (Entered: 06/28/2024) |
| 09/19/2024 | 34 | NOTICE by Preston Byron Knapp re 30 Response in Opposition to Motion, 16 First MOTION for Sanctions *Against Attorney Tessa Mansfield Hirte*, 13 First MOTION to Strike Pleading 7 MOTION to Dismiss/General , 29 Order to Party File Document/Respond to Court,,, 7 MOTION to Dismiss/General , 24 MOTION for Sanctions *TO THE COURT* (Knapp, Preston) (Entered: 09/19/2024) |
| 11/04/2024 | 35 | MEMORANDUM OPINION AND ORDER – Wings' motion to dismiss (Doc. No. 7 ) is GRANTED. Plaintiff's claims in the Complaint (Doc. No. 1 ) are DISMISSED WITH PREJUDICE. Plaintiff's motion to strike (Doc. No. 13 ) is DENIED. Plaintiff's motion to amend (Doc. No. 31 ) is DENIED AS MOOT. Plaintiff's motion for sanctions (Doc. No. 16 ) is DENIED. Wings' motion for sanctions (Doc. No. 24 ) is GRANTED IN PART and DENIED IN PART. (Written Opinion) Signed by Judge Donovan W. Frank on 11/4/2024. (See Order for Specifics) (las) (Entered: 11/04/2024) |
| 11/05/2024 | 36 | JUDGMENT (Attachments: # 1 Civil Notice – appeal)(MKB) (Entered: 11/05/2024) |
| 11/08/2024 | 37 | AMENDED MEMORANDUM OPINION AND ORDER – Wings' motion to dismiss (Doc. No. 7 ) is GRANTED. Plaintiff's claims in the Complaint (Doc. No. 1 ) are DISMISSED WITH PREJUDICE. Plaintiff's motion to strike (Doc. No. 13 ) is DENIED. Plaintiff's motion to amend (Doc. No. 31 ) is DENIED AS MOOT. Plaintiff's motion for sanctions (Doc. No. 16 ) is DENIED. Wings' motion for sanctions (Doc. No. 24 ) is GRANTED IN PART and DENIED IN PART. (Written Opinion) Signed by Judge Donovan W. Frank on 11/7/2024. (See Order for Specifics) (las) (Entered: 11/08/2024) |

| 11/12/2024 | 38 | JUDGMENT (Attachments: # 1 Civil Notice – appeal)(MKB) (Entered: 11/12/2024) |
|---|---|---|
| 11/18/2024 | 39 | NOTICE OF APPEAL TO 8TH CIRCUIT as to 38 Judgment, 37 Amended Order on Motion,, by Preston Byron Knapp. Filing fee $ 605, receipt number AMNDC–11493451. (Knapp, Preston) (Entered: 11/18/2024) |
| 11/18/2024 | 40 | Appellant's BRIEF by Preston Byron Knapp. (Knapp, Preston) (Entered: 11/18/2024) |
| 11/18/2024 | 41 | DESIGNATION of Record on Appeal by Preston Byron Knapp re 39 Notice of Appeal to 8th Circuit (Attachments: # 1 Civil Docket for Case 0:24–cv–00434–DWF–ECW)(Knapp, Preston) (Entered: 11/18/2024) |
| 11/19/2024 | 42 | TRANSMITTAL OF APPEAL LETTER TO U. S. COURT OF APPEALS, 8TH CIRCUIT, Re: Notice of Appeal to 8th Circuit 39 . (MKB) (Entered: 11/19/2024) |

## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

Preston Byron Knapp,                                   Civil No. 24-434 (DWF/ECW)

                 Plaintiff,

v.                                                     **MEMORANDUM**
                                                       **OPINION AND ORDER**

Wings Credit Union; *also known as*
Wings Financial Credit Union,

                 Defendant.

## INTRODUCTION

This matter is before the Court on Defendant Wings Credit Union's ("Wings")

motion to dismiss (Doc. No. 7) and motion for sanctions (Doc. No. 24), and *pro se*

Plaintiff Preston Byron Knapp's ("Plaintiff") motion to strike (Doc. No. 13) and motion

for sanctions (Doc. No. 16).[1]  For the reasons set forth below, the Court grants Wings'

motion to dismiss, grants in part and denies in part Wings' motion for sanctions, and

denies Plaintiff's motions.

## BACKGROUND

Plaintiff initiated this action on February 12, 2024 against Wings.  (Doc. No. 1

("Compl.").)  While the exact basis for Plaintiff's Complaint is unclear, it appears that

---

[1]      In addition, Plaintiff filed a motion to alter or amend his pleadings.  (Doc. No. 31.)
However, that filing violated the terms of the Court's order that the "parties shall refrain
from filing any additional motions until the Court rules on the motions presently on the
docket."  (Doc. No. 29.)  Therefore, the Court declines to consider the motion and denies
it as moot on that ground.

Plaintiff seeks to discharge a mortgage loan and home equity line of credit, which are secured by property owned by Plaintiff and his wife, non-party Michelle Nichole Knapp.

Wings is a state-chartered credit union organized under Chapter 52 of the Minnesota Statutes.  Plaintiff and his wife have both a mortgage loan (the "Mortgage") and a home equity line of credit (the "HELOC") with Wings.  (Compl. ¶¶ 10-11; Doc. No. 10 ¶ 2, Ex. 1 ("Mortgage"); ¶ 3, Ex. 2 (Note); ¶ 4, Ex. 3 ("Revolving Credit Mortgage"); and ¶ 5, Ex. 4 ("Home Equity Credit Agreement").[2]  Under the terms of the Mortgage and HELOC, Plaintiff is required to make payments on loans when due.  (*See* Mortgage at 2-3; ¶ 3, Note at 1; Revolving Credit Mortgage at 2; and Home Equity Credit Agreement at 1.)  Specifically, Plaintiff agreed that, in return for the loans, he would pay back the principal plus interest on the debt.  (*See* Note at 1 ("In return for a loan that I have received, I promise to pay U.S. $1,119,400.00 (this account is called 'Principal'), plus interest, to the order of the Lender."); Mortgage at 2 (agreeing to "pay when due the principal of, and interest on, the debt evidenced by the Note"); Revolving Credit Mortgage at 2 ("Borrower shall promptly pay when due all amounts borrowed under the Credit Agreement, all finance charges and applicable other charges and collection costs as provided in the Credit Agreement."); Home Equity Credit Agreement at 1 ("You promise to repay to the Credit Union, or order, all advances made to you under this Plan, plus finance charges, other applicable charges, and costs of voluntary payment protection

---

[2]    The Court considers these documents as they are embraced by the complaint.  *See Porous Media Corp. v. Pall Corp.*, 186 F.3d 1077, 1079 (8th Cir. 1999).

for which you are responsible under this Plan.  You agree to pay the minimum payment on or before the due date.").)  Plaintiff agreed to make all payments under the Mortgage "in the form of cash, check or money order" and "in U.S. currency."  (Note at 1; Mortgage at 3.)

In November 2023, Plaintiff appointed Brandon Joe Williams ("Williams") as his "attorney-in-fact" and purportedly granted Williams the power to "[p]erform any act necessary to deposit, negotiate, sell or transfer any note, real estate, security, or draft of the United States of America, including U.S. Treasury Securities.  This includes any non-US notes, securities, drafts, etc. . . . [and] . . . indorsements, approvals, exchanges, etc." (Compl. ¶¶ 39, 43; Doc. No. 10, 6, Ex. 5 at 13-14.)

In January 2024, Williams sent Wings "orders" related to Plaintiff's mortgage loan and HELOC.  (Compl. ¶¶ 39-40.)  Plaintiff alleges that these "orders" included an "unconditional tender of payment in accordance with UCC 3-603," "a payment for US dollars," and "an unconditional order to pay."  (*Id.* ¶¶ 47, 49-50.)  Plaintiff also alleges that he "submitted another entire promissory note in order to perform on the mortgage." *Id.* ¶ 60.  While not entirely clear, Plaintiff's theory appears to be that, by signing documents included in the "orders" with a "special indorsement," he converted the documents to "negotiable instruments" which constitute "payment in US dollars," thereby satisfying his loans with Wings.  (*See id.* ¶¶ 15, 49, 74-75.)

Plaintiff asserts state-law claims for breach of contract (Count 1), breach of fiduciary duties (Count 2), and various federal claims for violations of 12 U.S.C. § 504 (Count 3), securities-related criminal statutes (Counts 4-6), and Chapter 77 of Title 18

3

related to peonage, slavery, and trafficking in persons (Counts 7-11).  (*See* Compl.)

Presently before the Court are Wings' motion to dismiss, Plaintiff's motion to strike, and

the parties' respective motions for sanctions.

## DISCUSSION

### I.    Motion to Dismiss

In deciding a motion to dismiss pursuant to Federal Rule of Civil Procedure

12(b)(6), a court assumes all facts in the complaint to be true and construes all reasonable

inferences from those facts in the light most favorable to the complainant.  *Morton v.*

*Becker*, 793 F.2d 185, 187 (8th Cir. 1986).  In doing so, however, a court need not accept

as true wholly conclusory allegations, *Hanten v. Sch. Dist. of Riverview Gardens*,

183 F.3d 799, 805 (8th Cir. 1999), or legal conclusions drawn by the pleader from the

facts alleged, *Westcott v. City of Omaha*, 901 F.2d 1486, 1488 (8th Cir. 1990).  A court

may consider the complaint, matters of public record, orders, materials embraced by the

complaint, and exhibits attached to the complaint in deciding a motion to dismiss under

Rule 12(b)(6).  *Porous Media Corp.*, 186 F.3d at 1079.

To survive a motion to dismiss, a complaint must contain "enough facts to state a

claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544,

570 (2007).  Although a complaint need not contain "detailed factual allegations," it must

contain facts with enough specificity "to raise a right to relief above the speculative

level." *Id.* at 555.  As the United States Supreme Court reiterated, "[t]hreadbare recitals

of the elements of a cause of action, supported by mere conclusory statements," will not

pass muster under Twombly.  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing

*Twombly*, 550 U.S. at 555).  In sum, this standard "calls for enough fact[s] to raise a reasonable expectation that discovery will reveal evidence of [the claim]."  *Twombly*, 550 U.S. at 556.

*Pro se* complaints are to be construed liberally, but they still must allege sufficient facts to support the claims advanced.  *See Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004).  Moreover, "a court is under no obligation to repeatedly accept baseless filings, particularly those of the sovereign citizen fashion."  *Siruk v. Minnesota*, Civ. No. 20-2373, 2021 WL 1581242, at *3 (D. Minn. Feb 22, 2021) (citing cases), *report and recommendation adopted* 2021 WL 1577681 (D. Minn. Apr. 22, 2021).

## A.    Counts 1 and 2

In Counts 1 and 2, Plaintiff alleges claims for breach of contract and breach of fiduciary duties.  Both claims appear to be based on the "vapor money" theory.  This theory typically relies on the "convoluted and nonsensical argument that a plaintiff does not owe the money advanced by the lender on his loan because the indebtedness was not funded by the lender with actual money."  *Tonea v. Bank of Am., N.A.*, 6 F. Supp. 3d 1331, 1344 (N.D. Ga. 2014).  "The essence of the 'vapor money' theory is that promissory notes (and similar instruments) are the equivalent of 'money' that citizens literally 'create' with their signatures."  *McLaughlin v. CitiMortg., Inc.*, 726 F.Supp.2d 201, 212 (D. Conn. 2010).  Here, Plaintiff alleges that by sending Wings documents containing his signature and specific language (which he calls a "special indorsement"), he can convert various documents (including the notes underlying the Mortgage and HELOC, the additional "promissory note" that he created, and the monthly billing

5

statements sent by Wings) into "negotiable instruments" that can be used as payments to satisfy his debts to Wings.  (*See* Compl. ¶¶ 23, 30-34.)

Unfortunately for Plaintiff, this theory has been consistently rejected by federal courts in this District and across the country as frivolous and nonsensical.  *See Connell v. Wells Fargo Bank, N.A.*, Civ. No. 10-3133, 2011 WL 4359979, at *2 (D. Minn. Sept. 19, 2011) (citing *Hennis v. Trustmark Bank*, Civ. No. 10-20, 2010 WL 1904860, at *5 (S.D. Miss. May 10, 2010) ("From coast to coast, claims that debts have been paid under the redemption theory . . . have been dismissed as frivolous.")); *Baker v. CitiMortg., Inc.*, Civ. No. 16-1103, 2016 WL 4697334, at *2 (D. Minn. Sept. 7, 2016) ("There is no legal authority that supports the 'vapor money' theory.  Indeed, it has been repeatedly rejected as frivolous by courts across the country.") (collecting cases); *Thomas v. Servbank*, Civ. No. 23-223, 2023 WL 9226936, at *8 (S.D. Ala. Dec. 7, 2023) (dismissing with prejudice a case where claims are based on the "fundamentally frivolous" variation of the "redemptionist" legal theory, to which the "vapor money theory" is a corollary); *Barnes v. Citigroup Inc.*, Civ. No. 4:10-620, 2010 WL 2557508, at *2 (E.D. Mo. June 15, 2010) (noting that the "vapor money theory" has been rejected by federal courts across the country).

Not only has the theory underlying his state-law claims been rejected, but Plaintiff otherwise fails to allege any acts by Defendants that would support either a breach of contract or breach of fiduciary duty claim.  For example, Plaintiff has not identified any contract or contractual term that Wings has allegedly breached, demonstrated that Wings owes Plaintiff a fiduciary duty, or identified any actions by Wings that would constitute a

breach of any such duty.  In short, Plaintiff's breach of contract and breach of fiduciary

duty claims are frivolous and unsupported by law and fact.  Both Counts 1 and 2 are

properly dismissed with prejudice.

### B.    Federal Claims

Plaintiff also asserts a host of federal statutory claims, all of which fail.  First,

Plaintiff alleges a claim under 12 U.S.C. § 504, but that section only applies to a

"member bank," namely "any national bank, State Bank, or bank or trust company which

has become a member of one of the Federal reserve banks."  12 U.S.C. § 221.  Wings is a

state-chartered credit union organized pursuant to Chapter 52 of Minnesota Statutes and

cannot be a member of one of the Federal reserve banks.  Thus, Wings is not subject to

the requirements of § 504.  This claim also fails because § 504 does not provide a private

right of action.  *See* 12 U.S.C. § 504(e) (providing that any penalty imposed under this

statues shall be assessed by the Comptroller of Currency or the Federal Reserve Board);

*see also Harp v. Police and Federal Credit Union*, Civ. No. 23-2577, 2023 WL 5152625,

at *4  (E.D. Pa. Aug. 10, 2023) (holding that there is no private right of action to enforce

the Federal Reserve Act and the imposition of civil penalties under that Act is carried out

by federal officials).  In addition, Plaintiff has wholly failed to plead any facts to support

a violation of that statute.

Second, in Counts 4 through 6, Plaintiff alleges violations of 18 U.S.C. §§ 1956

(laundering of monetary instruments), 2314 (transportation of stolen securities), and 1348

(securities and commodities fraud), all of which are criminal statutes.  Plaintiff does not

have standing to bring these claims.  *See Kunzer v. Magill*, 667 F. Supp. 2d 1058, 1062

(D. Minn. 2009) ("A private citizen does not have standing either to enforce federal criminal statutes or to have such statutes enforced.").  In addition, none of these statutes provide a private right of action.  *See* 28 U.S.C. § 547 ("Except as otherwise provided by law, each United States attorney . . . shall . . .  prosecute for all offenses against the United States."); *Dubai Islamic Bank v. Citibank, N.A.*, 126 F. Supp. 2d 659, 668 (S.D.N.Y. 2000) (finding that § 1956 does not expressly provide a private right of action); *Selmon-Austin El v. Wells Fargo Bank*, Civ. No. 19-2538, 2020 WL 1941322, at *3 (W.D. Tenn. Mar. 12, 2020) (same and collecting cases); *Carroll v. U.S. Equities Corp.*, Civ. No. 18-667, 2020 WL 11563716, at *13 (N.D.N.Y. Nov. 30, 2020) (holding there is no independent civil claim under 18 U.S.C. § 2314); *Barringer v. Ohio*, Civ. No. 23-1530, 2023 WL 8436427, at *2 (N.D. Ohio Dec. 5. 2023) ("Section 1348 is a criminal statute.  It does not provide a private cause of action for civil plaintiffs.").[3]

   Finally, in Counts 7 through 11, Plaintiff alleges claims based on Chapter 77 of Title 18 of the U.S. Code, which pertains to various federal crimes of peonage, slavery, and trafficking in persons.  (*See* Compl. Count 7 (violation of 18 U.S.C. § 1581 (Peonage)); Count  8 (violation of 18 U.S.C. § 1583 (Enticement into Slavery)); Count 9 (violation of 18 U.S.C. § 1584 (Sale into Involuntary Servitude)); Count 10 (violation of

---

[3]    In addition, § 1348, which provides punishment for securities or commodities fraud, requires particularity in pleading under Rule 9(b).  Plaintiff alleges that Wings engaged in fraud "due to complete failure to disclose the terms and options of signing/indorsing above collateral securities."  (Compl. ¶ 98.)  This conclusory allegation is not enough to satisfy the particularity requirements when pleading fraud.  Therefore, Count 6 is properly dismissed for the additional reason that it failed to plead fraud with particularity.

Appellate Case: 24-3359   Page: 13   Date Filed: 11/20/2024 Entry ID: 5458719   November 19 2024 p 13

18 U.S.C. § 1589 (Forced Labor); Count 11 (violation of 18 U.S.C. § 1593A (Benefitting Financially from Peonage, Slavery, and Trafficking in Persons)).)  In particular, Plaintiff alleges that these various statutes apply because "[d]ue to a failure to do a special indorsement" or to "use a special indorsement on the original note," Plaintiff must work in order to pay back the loans at issue while under the threat of foreclosure and the loss of his home.  (*See* Compl. ¶¶ 103, 108-09, 112, 119, 122, 125, 130.)  What is clear from the pleadings is that Plaintiff obtained a loan of over $1 million to purchase his house.  The argument that Plaintiff is now being subjected to peonage, slavery, involuntary servitude, or forced labor because Wings is requiring Plaintiff to pay back the loans is frivolous, nonsensical, and unsupported by the law.  Counts 7 through 11 are properly dismissed with prejudice.

## II.    Motion to Strike

Plaintiff moves to strike Wings' motion to dismiss pursuant to Federal Rule of Civil Procedure 12(f)(2).  Plaintiff submits that Wings' motion should be dismissed because it contains "scandalous matters and represents an attempt by Attorney Mansfield to simulate a legal process to the detriment of the Plaintiff and the integrity of this Court."  (Doc. No. 13 at 1.)  Plaintiff argues that the motion contains scandalous and prejudicial allegations and that it was prematurely filed before service perfected.

Rule 12(f) provides that "[t]he court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter."  Fed. R. Civ. P. 12(f).  This rule applies to motions to strike portions of a pleading.  *See VanDanacker v. Main Motor Sales Co.*, 109 F. Supp. 2d 1045, 1047 (D. Minn. 2000).  It is not the proper

way to oppose a motion.  *Id.*; *see also Hill v. Shakopee Mdewakanton Sioux Cmty.*, Civ.

No. 17-1300, <u>2018 WL 1446413</u>, at *2 (D. Minn. Mar. 23, 2018).  In *Hill*, the Court

explained that "[t]he proper way for a plaintiff to respond to a motion to dismiss [a]

complaint is to file a memorandum explaining why the motion should not be granted, not

to file a motion to strike the motion."  *Hill*, <u>2018 WL 1446413</u>, at *2.  Plaintiff did not

file a memorandum in opposition to Wings' motion to dismiss.  The Court denies

Plaintiff's motion to strike.

### III.    Motions for Sanctions

Wings argues that sanctions against Plaintiff are appropriate because Plaintiff's

Complaint is patently frivolous and that Plaintiff is asserting claims that are unwarranted

under any existing law or any nonfrivolous argument for extending, modifying, or

reversing existing law.  On March 8, 2024, Wings served Plaintiff with a copy of a

Rule 11 Safe Harbor letter.   (<u>Doc. No. 27</u> ("Hirte Decl.") ¶¶ 3-5, Exs. A, B.)  Plaintiff

responded, indicating his intent to continue to pursue his lawsuit.  (*Id.* Ex. C.)

Rule 11 of the Federal Rules of Civil Procedure states in part:

(b)    By presenting to the court a pleading, written motion, or other
paper—whether by signing, filing, submitting, or later advocating it—an
attorney or unrepresented party certifies that to the best of the person's
knowledge, information, and belief, formed after an inquiry reasonable
under the circumstances:

   1.    it is not being presented for any improper purpose, such as to
         harass, cause unnecessary delay, or needlessly increase the
         cost of litigation; [and]

   2.    the claims, defenses, and other legal contentions are
         warranted by existing law or by a nonfrivolous argument for

> extending, modifying, or reversing existing law or for
> establishing new law . . . .

Fed. R. Civ. P. 11(b).  In addition, Rule 11(c) provides for the imposition of sanctions

when there is a violation of Rule 11(b).  Specifically, the rule provides:

> A motion for sanctions must be made separately from any other motion and
> must describe the specific conduct that allegedly violates Rule 11(b).  The
> motion must be served under Rule 5, but it must not be filed or be presented
> to the court if the challenged paper, claim, defense, contention, or denial is
> withdrawn or appropriately corrected within 21 days after service or within
> another time the court sets.

Fed. R. Civ. P. 11(c)(2).  Such a motion for sanctions may only "be filed or . . . presented

to the court" if "the challenged paper, claim, defense, contention, or denial" is not

"withdrawn or appropriately corrected" within the 21 day period.  Thus, Rule 11(c)(2)

creates a "safe harbor" where a party is given the opportunity to withdraw or correct the

challenged paper before a sanctions motion is filed.  Plaintiff has not done so.

The purpose of sanctions under Rule 11 is to "deter improper behavior, not to

compensate the victims of it or punish the offender."  *Hanson v. Loparex, Inc.*, Civ.

No. 09-1070, 2011 WL 3609381, at *6, (D. Minn. Aug. 15, 2011) (quoting 5A Charles

Alan Wright and Arthur Miller, *Federal Practice and Procedure* § 1336.3, at 689 (3d ed.

2004)).  And while the Court construes motions by *pro se* litigants liberally and in their

favor, *pro se* litigants are subject to the same Rule 11 standards as licensed attorneys.

*Carman v. Treat*, 7 F.3d 1379, 1381 (8th Cir. 1993).  Courts evaluate Rule 11 motions

using a standard of objective reasonableness to assess the litigant's conduct.  *Bus. Guides,*

*Inc. v. Chromatic Commc'ns Enters., Inc.*, 498 U.S. 533, 551 (1991) ("[W]e hold that it

imposes on any party who signs a pleading, motion, or other paper—whether the party's

signature is required by the Rule or is provided voluntarily—an affirmative duty to conduct a reasonable inquiry into the facts and the law before filing, and that the applicable standard is one of reasonableness under the circumstances.")  And in determining an appropriate sanction, the Court considers factors such as "the wrongdoer's history, experience and ability, the severity of the violation, [and] the degree to which malice or bad faith contributed to the violation." *Pope v. Fed. Express Corp.*, 49 F.3d 1327, 1328 (8th Cir. 1995).

Wings argues that sanctions are appropriate in this case for several reasons.  First, Wings maintains that Plaintiff's breach of contract and fiduciary duty claims are based on a conspiracy theory that has been roundly rejected by federal courts.  Second, Wings argues that every count of Plaintiff's complaint violates Rule 11 because every count fails to set forth any cognizable claims for relief because they are not supported by law or any reasonable argument for the extension or modification of existing law.  Wings requests that this Court award sanctions against Plaintiff sufficient to deter future misconduct and to award Wings reasonable attorney fees, costs, disbursements, and other expenses incurred in having to defend this action.

The Court agrees that Plaintiff's claims are meritless and that their assertion is not reasonable.  As discussed above, Plaintiff asserts claims that arise from a conspiracy theory that has been widely rejected by federal courts.  In addition, Plaintiff's statutory claims are frivolous because the cited statutes do not apply to Wings, do not provide a private right of action, and assert claims that have no basis in law or fact.  It is apparent to the Court that Plaintiff is attempting to litigate clearly meritless claims.  Even so, the

Court declines to award monetary sanctions because the Court is dismissing all of Plaintiff's claims with prejudice, which is in and of itself a sanction. The Court believes that this dismissal with prejudice will sufficiently deter Plaintiff from filing additional actions or pursuing similar legal theories. Therefore, the portion of Wings' motion seeking monetary sanctions is respectfully denied. However, the Court does believe that an appropriate additional sanction is to enjoin Plaintiff from filing any civil action in this District Court against Wings or any affiliated parties, without first obtaining leave of Court.

For the above reasons, Wings' motion for sanctions under Rule 11 is denied as to any monetary sanction and granted as set forth above. In particular, Plaintiff's Complaint is dismissed with prejudice and Plaintiff is hereby required to obtain Court approval before filing any action in the United States District Court for the District of Minnesota against Wings, or any affiliated parties.

Plaintiff also moves for sanctions against Wings' attorney. Plaintiff argues that Wings docketed several filings prematurely—before service was perfected. While not clear, Plaintiff appears to take issue with Wings' filing of its motion to dismiss before Plaintiff perfected service. The Court finds no merit in Plaintiff's argument and that Plaintiff's motion lacks merit. For this reason, it is denied.

## CONCLUSION

For the above reasons, all claims of Plaintiff's Complaint are properly dismissed in their entirety with prejudice.

## ORDER

Based upon the record before the Court, and the Court being otherwise duly

advised in the premises, **IT IS HEREBY ORDERED** that:

1.      Wings' motion to dismiss (Doc. No. [7]) is **GRANTED.**

2.      Plaintiff's claims in the Complaint (Doc. No. [1]) are **DISMISSED WITH**

**PREJUDICE**.

3.      Plaintiff's motion to strike (Doc. No. [13]) is **DENIED.**

4.      Plaintiff's motion to amend (Doc. No. [31]) is **DENIED AS MOOT**.

4.      Plaintiff's motion for sanctions (Doc. No. [16]) is **DENIED**:

5.      Wings' motion for sanctions (Doc. No. [24]) is **GRANTED IN PART** and

**DENIED IN PART** as follows:

      a.      This case is dismissed with prejudice;

      b.      Plaintiff is hereby enjoined from filing any civil action in this

District Court against Wings or any affiliated parties, without first obtaining leave

of Court; and

      c.      All monetary sanctions are denied.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated:  November 4, 2024              s/Donovan W. Frank
                                        DONOVAN W. FRANK
                                        United States District Judge

# UNITED STATES DISTRICT COURT
## District of Minnesota

Preston Byron Knapp

**JUDGMENT IN A CIVIL CASE**

               Plaintiff,

v.

                                     Case Number: 24-cv-00434-DWF-ECW

Wings Credit Union

               Defendant.

☐ **Jury Verdict**.  This action came before the Court for a trial by jury.  The issues have been tried and the jury has rendered its verdict.

☒ **Decision by Court**.  This action came to trial or hearing before the Court.  The issues have been tried or heard and a decision has been rendered.

IT IS ORDERED AND ADJUDGED THAT:

1.  Wings' motion to dismiss (Doc. No. [7]) is **GRANTED.**

2.  Plaintiff's claims in the Complaint (Doc. No. [1]) are **DISMISSED WITH PREJUDICE**.

3.  Plaintiff's motion to strike (Doc. No. [13]) is **DENIED.**

4.  Plaintiff's motion to amend (Doc. No. [31]) is **DENIED AS MOOT.**

4.  Plaintiff's motion for sanctions (Doc. No. [16]) is **DENIED**:

5.  Wings' motion for sanctions (Doc. No. [24]) is **GRANTED IN PART** and **DENIED IN PART** as follows:

    a.  This case is dismissed with prejudice;

    b.  Plaintiff is hereby enjoined from filing any civil action in this District Court against Wings or any affiliated parties, without first obtaining leave

of Court; and

    c.  All monetary sanctions are denied.


Date: 11/5/2024                                    KATE M. FOGARTY, CLERK



# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

**Warren E. Burger Federal Building and U.S. Courthouse**
316 North Robert Street
Room 100
St. Paul, MN 55101

**Diana E. Murphy U.S. Courthouse**
300 South Fourth Street
Room 202
Minneapolis, MN 55415

**Gerald W. Heaney Federal Building and U.S. Courthouse and Customhouse**
515 West First Street
Duluth, MN 55802

**Edward J. Devitt U.S. Courthouse and Federal Building**
118 South Mill Street
Fergus Falls, MN 56537

## CIVIL NOTICE

**The appeal filing fee is $605.00. If you are indigent, you can apply for leave to proceed in forma pauperis, ("IFP").**

The purpose of this notice is to summarize the time limits for filing with the District Court Clerk's Office a Notice of Appeal to the Eighth Circuit Court of Appeals or the Federal Circuit Court of Appeals (when applicable) from a final decision of the District Court in a civil case.

***This is a summary only. For specific information on the time limits for filing a Notice of Appeal, review the applicable federal civil and appellate procedure rules and statutes.***

Rule 4(a) of the Federal Rules of Appellate Procedure (Fed. R. App. P.) requires that a Notice of Appeal be filed within:

1. Thirty days (60 days if the United States is a party) after the date of "entry of the judgment or order appealed from;" or
2. Thirty days (60 days if the United States is a party) after the date of entry of an order denying a timely motion for a new trial under Fed. R. Civ. P. 59; or
3. Thirty days (60 days if the United States is a party) after the date of entry of an order granting or denying a timely motion for judgment under Fed. R. Civ. P. 50(b), to amend or make additional findings of fact under Fed. R. Civ. P. 52(b), and/or to alter or amend the judgment under Fed. R. Civ. P. 59; or
4. Fourteen days after the date on which a previously timely Notice of Appeal was filed.

If a Notice of Appeal is not timely filed, a party in a civil case can move the District Court pursuant to Fed. R. App. P. 4(a)(5) to extend the time for filing a Notice of Appeal. This motion must be filed no later than 30 days after the period for filing a Notice of Appeal expires. If the motion is filed after the period for filing a Notice of Appeal expires, the party bringing the motion must give the opposing parties notice of it. The District Court may grant the motion, but only if excusable neglect or good cause is shown for failing to file a timely Notice of Appeal.

# UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

Preston Byron Knapp,

Civil No. 24-434 (DWF/ECW)

          Plaintiff,

v.

**AMENDED**
**MEMORANDUM**
**OPINION AND ORDER**

Wings Credit Union; *also known as*
Wings Financial Credit Union,

          Defendant.

## INTRODUCTION

This matter is before the Court on Defendant Wings Credit Union's ("Wings") motion to dismiss (Doc. No. 7) and motion for sanctions (Doc. No. 24), and *pro se* Plaintiff Preston Byron Knapp's ("Plaintiff") motion to strike (Doc. No. 13) and motion for sanctions (Doc. No. 16).[1]  For the reasons set forth below, the Court grants Wings' motion to dismiss, grants in part and denies in part Wings' motion for sanctions, and denies Plaintiff's motions.

## BACKGROUND

Plaintiff initiated this action on February 12, 2024 against Wings.  (Doc. No. 1 ("Compl.").)  While the exact basis for Plaintiff's Complaint is unclear, it appears that

---

[1]  In addition, Plaintiff filed a motion to alter or amend his pleadings.  (Doc. No. 31.) However, that filing violated the terms of the Court's order that the "parties shall refrain from filing any additional motions until the Court rules on the motions presently on the docket."  (Doc. No. 29.)  Therefore, the Court declines to consider the motion and denies it as moot on that ground.

Plaintiff seeks to discharge a mortgage loan and home equity line of credit, which are secured by property owned by Plaintiff and his wife, non-party Michelle Nichole Knapp.

Wings is a state-chartered credit union organized under Chapter 52 of the Minnesota Statutes.  Plaintiff and his wife have both a mortgage loan (the "Mortgage") and a home equity line of credit (the "HELOC") with Wings.  (Compl. ¶¶ 10-11; Doc. No. 10  ¶ 2, Ex. 1 ("Mortgage"); ¶ 3, Ex. 2 (Note); ¶ 4, Ex. 3 ("Revolving Credit Mortgage"); and ¶ 5, Ex. 4 ("Home Equity Credit Agreement").[2]  Under the terms of the Mortgage and HELOC, Plaintiff is required to make payments on loans when due.  (*See* Mortgage at 2-3; ¶ 3, Note at 1; Revolving Credit Mortgage at 2; and Home Equity Credit Agreement at 1.)  Specifically, Plaintiff agreed that, in return for the loans, he would pay back the principal plus interest on the debt.  (*See* Note at 1 ("In return for a loan that I have received, I promise to pay U.S. $1,119,400.00 (this account is called 'Principal'), plus interest, to the order of the Lender."); Mortgage at 2 (agreeing to "pay when due the principal of, and interest on, the debt evidenced by the Note"); Revolving Credit Mortgage at 2 ("Borrower shall promptly pay when due all amounts borrowed under the Credit Agreement, all finance charges and applicable other charges and collection costs as provided in the Credit Agreement."); Home Equity Credit Agreement at 1 ("You promise to repay to the Credit Union, or order, all advances made to you under this Plan, plus finance charges, other applicable charges, and costs of voluntary payment protection

---

[2]    The Court considers these documents as they are embraced by the complaint.  *See Porous Media Corp. v. Pall Corp.*, 186 F.3d 1077, 1079 (8th Cir. 1999).

Appellate Case: 24-3359    Page: 24    Date Filed: 11/20/2024 Entry ID: 5456719   November 19 2024 p 24

for which you are responsible under this Plan.  You agree to pay the minimum payment

on or before the due date.").)  Plaintiff agreed to make all payments under the Mortgage

"in the form of cash, check or money order" and "in U.S. currency."  (Note at 1;

Mortgage at 3.)

In November 2023, Plaintiff appointed Brandon Joe Williams ("Williams") as his

"attorney-in-fact" and purportedly granted Williams the power to "[p]erform any act

necessary to deposit, negotiate, sell or transfer any note, real estate, security, or draft of

the United States of America, including U.S. Treasury Securities.  This includes any non-

US notes, securities, drafts, etc. . . . [and] . . . indorsements, approvals, exchanges, etc."

(Compl. ¶¶ 39, 43; Doc. No. 10, 6, Ex. 5 at 13-14.)

In January 2024, Williams sent Wings "orders" related to Plaintiff's mortgage loan

and HELOC.  (Compl. ¶¶ 39-40.)  Plaintiff alleges that these "orders" included an

"unconditional tender of payment in accordance with UCC 3-603," "a payment for US

dollars," and "an unconditional order to pay."  (*Id.* ¶¶ 47, 49-50.)  Plaintiff also alleges

that he "submitted another entire promissory note in order to perform on the mortgage."

*Id.* ¶ 60.  While not entirely clear, Plaintiff's theory appears to be that, by signing

documents included in the "orders" with a "special indorsement," he converted the

documents to "negotiable instruments" which constitute "payment in US dollars,"

thereby satisfying his loans with Wings.  (*See id.* ¶¶ 15, 49, 74-75.)

Plaintiff asserts state-law claims for breach of contract (Count 1), breach of

fiduciary duties (Count 2), and various federal claims for violations of 12 U.S.C. § 504

(Count 3), securities-related criminal statutes (Counts 4-6), and Chapter 77 of Title 18

related to peonage, slavery, and trafficking in persons (Counts 7-11).  (*See* Compl.)

Presently before the Court are Wings' motion to dismiss, Plaintiff's motion to strike, and

the parties' respective motions for sanctions.

## DISCUSSION

### I.    Motion to Dismiss

In deciding a motion to dismiss pursuant to Federal Rule of Civil Procedure

12(b)(6), a court assumes all facts in the complaint to be true and construes all reasonable

inferences from those facts in the light most favorable to the complainant.  *Morton v.*

*Becker*, 793 F.2d 185, 187 (8th Cir. 1986).  In doing so, however, a court need not accept

as true wholly conclusory allegations, *Hanten v. Sch. Dist. of Riverview Gardens*,

183 F.3d 799, 805 (8th Cir. 1999), or legal conclusions drawn by the pleader from the

facts alleged, *Westcott v. City of Omaha*, 901 F.2d 1486, 1488 (8th Cir. 1990).  A court

may consider the complaint, matters of public record, orders, materials embraced by the

complaint, and exhibits attached to the complaint in deciding a motion to dismiss under

Rule 12(b)(6).  *Porous Media Corp.*, 186 F.3d at 1079.

To survive a motion to dismiss, a complaint must contain "enough facts to state a

claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544,

570 (2007).  Although a complaint need not contain "detailed factual allegations," it must

contain facts with enough specificity "to raise a right to relief above the speculative

level." *Id.* at 555.  As the United States Supreme Court reiterated, "[t]hreadbare recitals

of the elements of a cause of action, supported by mere conclusory statements," will not

pass muster under Twombly.  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing

*Twombly*, 550 U.S. at 555).  In sum, this standard "calls for enough fact[s] to raise a reasonable expectation that discovery will reveal evidence of [the claim]."  *Twombly*, 550 U.S. at 556.

     *Pro se* complaints are to be construed liberally, but they still must allege sufficient facts to support the claims advanced.  *See Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004).  Moreover, "a court is under no obligation to repeatedly accept baseless filings, particularly those of the sovereign citizen fashion."  *Siruk v. Minnesota*, Civ. No. 20-2373, 2021 WL 1581242, at *3 (D. Minn. Feb 22, 2021) (citing cases), *report and recommendation adopted* 2021 WL 1577681 (D. Minn. Apr. 22, 2021).

## A.    Counts 1 and 2

     In Counts 1 and 2, Plaintiff alleges claims for breach of contract and breach of fiduciary duties.  Both claims appear to be based on the "vapor money" theory.  This theory typically relies on the "convoluted and nonsensical argument that a plaintiff does not owe the money advanced by the lender on his loan because the indebtedness was not funded by the lender with actual money."  *Tonea v. Bank of Am., N.A.*, 6 F. Supp. 3d 1331, 1344 (N.D. Ga. 2014).  "The essence of the 'vapor money' theory is that promissory notes (and similar instruments) are the equivalent of 'money' that citizens literally 'create' with their signatures."  *McLaughlin v. CitiMortg., Inc.*, 726 F.Supp.2d 201, 212 (D. Conn. 2010).  Here, Plaintiff alleges that by sending Wings documents containing his signature and specific language (which he calls a "special indorsement"), he can convert various documents (including the notes underlying the Mortgage and HELOC, the additional "promissory note" that he created, and the monthly billing

statements sent by Wings) into "negotiable instruments" that can be used as payments to

satisfy his debts to Wings.  (*See* Compl. ¶¶ 23, 30-34.)

Unfortunately for Plaintiff, this theory has been consistently rejected by federal

courts in this District and across the country as frivolous and nonsensical.  *See Connell v.*

*Wells Fargo Bank, N.A.*, Civ. No. 10-3133, 2011 WL 4359979, at *2 (D. Minn. Sept. 19,

2011) (citing *Hennis v. Trustmark Bank*, Civ. No. 10-20, 2010 WL 1904860, at *5 (S.D.

Miss. May 10, 2010) ("From coast to coast, claims that debts have been paid under the

redemption theory . . . have been dismissed as frivolous.")); *Baker v. CitiMortg., Inc.*,

Civ. No. 16-1103, 2016 WL 4697334, at *2 (D. Minn. Sept. 7, 2016) ("There is no legal

authority that supports the 'vapor money' theory.  Indeed, it has been repeatedly rejected

as frivolous by courts across the country.") (collecting cases); *Thomas v. Servbank*, Civ.

No. 23-223, 2023 WL 9226936, at *8 (S.D. Ala. Dec. 7, 2023) (dismissing with prejudice

a case where claims are based on the "fundamentally frivolous" variation of the

"redemptionist" legal theory, to which the "vapor money theory" is a corollary);

*Barnes v. Citigroup Inc.*, Civ. No. 4:10-620, 2010 WL 2557508, at *2 (E.D. Mo. June 15,

2010) (noting that the "vapor money theory" has been rejected by federal courts across

the country).

Not only has the theory underlying his state-law claims been rejected, but Plaintiff

otherwise fails to allege any acts by Defendants that would support either a breach of

contract or breach of fiduciary duty claim.  For example, Plaintiff has not identified any

contract or contractual term that Wings has allegedly breached, demonstrated that Wings

owes Plaintiff a fiduciary duty, or identified any actions by Wings that would constitute a

6

breach of any such duty.  In short, Plaintiff's breach of contract and breach of fiduciary

duty claims are frivolous and unsupported by law and fact.  Both Counts 1 and 2 are

properly dismissed with prejudice.

### B.    Federal Claims

Plaintiff also asserts a host of federal statutory claims, all of which fail.  First,

Plaintiff alleges a claim under 12 U.S.C. § 504, but that section only applies to a

"member bank," namely "any national bank, State Bank, or bank or trust company which

has become a member of one of the Federal reserve banks."  12 U.S.C. § 221.  Wings is a

state-chartered credit union organized pursuant to Chapter 52 of Minnesota Statutes and

cannot be a member of one of the Federal reserve banks.  Thus, Wings is not subject to

the requirements of § 504.  This claim also fails because § 504 does not provide a private

right of action.  *See* 12 U.S.C. § 504(e) (providing that any penalty imposed under this

statues shall be assessed by the Comptroller of Currency or the Federal Reserve Board);

*see also Harp v. Police and Federal Credit Union*, Civ. No. 23-2577, 2023 WL 5152625,

at *4  (E.D. Pa. Aug. 10, 2023) (holding that there is no private right of action to enforce

the Federal Reserve Act and the imposition of civil penalties under that Act is carried out

by federal officials).  In addition, Plaintiff has wholly failed to plead any facts to support

a violation of that statute.

Second, in Counts 4 through 6, Plaintiff alleges violations of 18 U.S.C. §§ 1956

(laundering of monetary instruments), 2314 (transportation of stolen securities), and 1348

(securities and commodities fraud), all of which are criminal statutes.  Plaintiff does not

have standing to bring these claims.  *See Kunzer v. Magill*, 667 F. Supp. 2d 1058, 1062

(D. Minn. 2009) ("A private citizen does not have standing either to enforce federal criminal statutes or to have such statutes enforced.").  In addition, none of these statutes provide a private right of action.  *See* 28 U.S.C. § 547 ("Except as otherwise provided by law, each United States attorney . . . shall . . .  prosecute for all offenses against the United States."); *Dubai Islamic Bank v. Citibank, N.A.*, 126 F. Supp. 2d 659, 668 (S.D.N.Y. 2000) (finding that § 1956 does not expressly provide a private right of action); *Selmon-Austin El v. Wells Fargo Bank*, Civ. No. 19-2538, 2020 WL 1941322, at *3 (W.D. Tenn. Mar. 12, 2020) (same and collecting cases); *Carroll v. U.S. Equities Corp.*, Civ. No. 18-667, 2020 WL 11563716, at *13 (N.D.N.Y. Nov. 30, 2020) (holding there is no independent civil claim under 18 U.S.C. § 2314); *Barringer v. Ohio*, Civ. No. 23-1530, 2023 WL 8436427, at *2 (N.D. Ohio Dec. 5, 2023) ("Section 1348 is a criminal statute.  It does not provide a private cause of action for civil plaintiffs.").[3]

Finally, in Counts 7 through 11, Plaintiff alleges claims based on Chapter 77 of Title 18 of the U.S. Code, which pertains to various federal crimes of peonage, slavery, and trafficking in persons.  (*See* Compl. Count 7 (violation of 18 U.S.C. § 1581 (Peonage)); Count  8 (violation of 18 U.S.C. § 1583 (Enticement into Slavery)); Count 9 (violation of 18 U.S.C. § 1584 (Sale into Involuntary Servitude)); Count 10 (violation of

---

[3]    In addition, § 1348, which provides punishment for securities or commodities fraud, requires particularity in pleading under Rule 9(b).  Plaintiff alleges that Wings engaged in fraud "due to complete failure to disclose the terms and options of signing/indorsing above collateral securities."  (Compl. ¶ 98.)  This conclusory allegation is not enough to satisfy the particularity requirements when pleading fraud.  Therefore, Count 6 is properly dismissed for the additional reason that it failed to plead fraud with particularity.

18 U.S.C. § 1589 (Forced Labor); Count 11 (violation of 18 U.S.C. § 1593A (Benefitting Financially from Peonage, Slavery, and Trafficking in Persons)).)  In particular, Plaintiff alleges that these various statutes apply because "[d]ue to a failure to do a special indorsement" or to "use a special indorsement on the original note," Plaintiff must work in order to pay back the loans at issue while under the threat of foreclosure and the loss of his home.  (*See* Compl. ¶¶ 103, 108-09, 112, 119, 122, 125, 130.)  What is clear from the pleadings is that Plaintiff obtained a loan of over $1 million to purchase his house.  The argument that Plaintiff is now being subjected to peonage, slavery, involuntary servitude, or forced labor because Wings is requiring Plaintiff to pay back the loans is frivolous, nonsensical, and unsupported by the law.  Counts 7 through 11 are properly dismissed with prejudice.

## II.    Motion to Strike

Plaintiff moves to strike Wings' motion to dismiss pursuant to Federal Rule of Civil Procedure 12(f)(2).  Plaintiff submits that Wings' motion should be dismissed because it contains "scandalous matters and represents an attempt by Attorney Mansfield to simulate a legal process to the detriment of the Plaintiff and the integrity of this Court."  (Doc. No. 13 at 1.)  Plaintiff argues that the motion contains scandalous and prejudicial allegations and that it was prematurely filed before service perfected.

Rule 12(f) provides that "[t]he court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter."  Fed. R. Civ. P. 12(f).  This rule applies to motions to strike portions of a pleading.  *See VanDanacker v. Main Motor Sales Co.*, 109 F. Supp. 2d 1045, 1047 (D. Minn. 2000).  It is not the proper

way to oppose a motion.  *Id.*; *see also Hill v. Shakopee Mdewakanton Sioux Cmty.*, Civ.

No. 17-1300, 2018 WL 1446413, at *2 (D. Minn. Mar. 23, 2018).  In *Hill*, the Court

explained that "[t]he proper way for a plaintiff to respond to a motion to dismiss [a]

complaint is to file a memorandum explaining why the motion should not be granted, not

to file a motion to strike the motion." *Hill*, 2018 WL 1446413, at *2.  Plaintiff did not

file a memorandum in opposition to Wings' motion to dismiss.  The Court denies

Plaintiff's motion to strike.

## III.    Motions for Sanctions

Wings argues that sanctions against Plaintiff are appropriate because Plaintiff's

Complaint is patently frivolous and that Plaintiff is asserting claims that are unwarranted

under any existing law or any nonfrivolous argument for extending, modifying, or

reversing existing law.  On March 8, 2024, Wings served Plaintiff with a copy of a

Rule 11 Safe Harbor letter.   (Doc. No. 27 ("Hirte Decl.") ¶¶ 3-5, Exs. A, B.)  Plaintiff

responded, indicating his intent to continue to pursue his lawsuit.  (*Id.* Ex. C.)

Rule 11 of the Federal Rules of Civil Procedure states in part:

(b)    By presenting to the court a pleading, written motion, or other
paper—whether by signing, filing, submitting, or later advocating it—an
attorney or unrepresented party certifies that to the best of the person's
knowledge, information, and belief, formed after an inquiry reasonable
under the circumstances:

1.    it is not being presented for any improper purpose, such as to
harass, cause unnecessary delay, or needlessly increase the
cost of litigation; [and]

2.    the claims, defenses, and other legal contentions are
warranted by existing law or by a nonfrivolous argument for

> extending, modifying, or reversing existing law or for
> establishing new law . . . .

Fed. R. Civ. P. 11(b).  In addition, Rule 11(c) provides for the imposition of sanctions

when there is a violation of Rule 11(b).  Specifically, the rule provides:

> A motion for sanctions must be made separately from any other motion and
> must describe the specific conduct that allegedly violates Rule 11(b).  The
> motion must be served under Rule 5, but it must not be filed or be presented
> to the court if the challenged paper, claim, defense, contention, or denial is
> withdrawn or appropriately corrected within 21 days after service or within
> another time the court sets.

Fed. R. Civ. P. 11(c)(2).  Such a motion for sanctions may only "be filed or . . . presented

to the court" if "the challenged paper, claim, defense, contention, or denial" is not

"withdrawn or appropriately corrected" within the 21 day period.  Thus, Rule 11(c)(2)

creates a "safe harbor" where a party is given the opportunity to withdraw or correct the

challenged paper before a sanctions motion is filed.  Plaintiff has not done so.

The purpose of sanctions under Rule 11 is to "deter improper behavior, not to

compensate the victims of it or punish the offender."  *Hanson v. Loparex, Inc.*, Civ.

No. 09-1070, 2011 WL 3609381, at *6, (D. Minn. Aug. 15, 2011) (quoting 5A Charles

Alan Wright and Arthur Miller, *Federal Practice and Procedure* § 1336.3, at 689 (3d ed.

2004)).  And while the Court construes motions by *pro se* litigants liberally and in their

favor, *pro se* litigants are subject to the same Rule 11 standards as licensed attorneys.

*Carman v. Treat*, 7 F.3d 1379, 1381 (8th Cir. 1993).  Courts evaluate Rule 11 motions

using a standard of objective reasonableness to assess the litigant's conduct.  *Bus. Guides,*

*Inc. v. Chromatic Commc'ns Enters., Inc.*, 498 U.S. 533, 551 (1991) ("[W]e hold that it

imposes on any party who signs a pleading, motion, or other paper—whether the party's

signature is required by the Rule or is provided voluntarily—an affirmative duty to conduct a reasonable inquiry into the facts and the law before filing, and that the applicable standard is one of reasonableness under the circumstances.")  And in determining an appropriate sanction, the Court considers factors such as "the wrongdoer's history, experience and ability, the severity of the violation, [and] the degree to which malice or bad faith contributed to the violation."  *Pope v. Fed. Express Corp.*, 49 F.3d 1327, 1328 (8th Cir. 1995).

Wings argues that sanctions are appropriate in this case for several reasons.  First, Wings maintains that Plaintiff's breach of contract and fiduciary duty claims are based on a conspiracy theory that has been roundly rejected by federal courts.  Second, Wings argues that every count of Plaintiff's complaint violates Rule 11 because every count fails to set forth any cognizable claims for relief because they are not supported by law or any reasonable argument for the extension or modification of existing law.  Wings requests that this Court award sanctions against Plaintiff sufficient to deter future misconduct and to award Wings reasonable attorney fees, costs, disbursements, and other expenses incurred in having to defend this action.

The Court agrees that Plaintiff's claims are meritless and that their assertion is not reasonable.  As discussed above, Plaintiff asserts claims that arise from a conspiracy theory that has been widely rejected by federal courts.  In addition, Plaintiff's statutory claims are frivolous because the cited statutes do not apply to Wings, do not provide a private right of action, and assert claims that have no basis in law or fact.  It is apparent to the Court that Plaintiff is attempting to litigate clearly meritless claims.  Even so, the

Appellate Case: 24-3359    Page: 34    Date Filed: 11/20/2024 Entry ID: 5456719  November 19 2024 p 34

Court declines to award monetary sanctions because the Court is dismissing all of Plaintiff's claims with prejudice, which is in and of itself a sanction. The Court believes that this dismissal with prejudice will sufficiently deter Plaintiff from filing additional actions or pursuing similar legal theories. Therefore, the portion of Wings' motion seeking monetary sanctions is respectfully denied. However, the Court does believe that an appropriate additional sanction is to enjoin Plaintiff from filing any civil action in this District Court against Wings or any affiliated parties, without first obtaining leave of Court.

For the above reasons, Wings' motion for sanctions under Rule 11 is denied as to any monetary sanction and granted as set forth above. In particular, Plaintiff's Complaint is dismissed with prejudice and Plaintiff is hereby required to obtain Court approval before filing any action in the United States District Court for the District of Minnesota against Wings, or any affiliated parties.

Plaintiff also moves for sanctions against Wings' attorney. Plaintiff argues that Wings docketed several filings prematurely—before service was perfected. While not clear, Plaintiff appears to take issue with Wings' filing of its motion to dismiss before Plaintiff perfected service. The Court finds no merit in Plaintiff's argument and that Plaintiff's motion lacks merit. For this reason, it is denied.

## CONCLUSION

For the above reasons, all claims of Plaintiff's Complaint are properly dismissed in their entirety with prejudice.

# ORDER

Based upon the record before the Court, and the Court being otherwise duly advised in the premises, **IT IS HEREBY ORDERED** that:

1.     Wings' motion to dismiss (Doc. No. [7]) is **GRANTED.**

2.     Plaintiff's claims in the Complaint (Doc. No. [1]) are **DISMISSED WITH PREJUDICE**.

3.     Plaintiff's motion to strike (Doc. No. [13]) is **DENIED.**

4.     Plaintiff's motion to amend (Doc. No. [31]) is **DENIED AS MOOT**.

5.     Plaintiff's motion for sanctions (Doc. No. [16]) is **DENIED.**

6.     Wings' motion for sanctions (Doc. No. [24]) is **GRANTED IN PART** and **DENIED IN PART** as follows:

     a.     This case is dismissed with prejudice;

     b.     Plaintiff is hereby enjoined from filing any civil action in this District Court against Wings or any affiliated parties, without first obtaining leave of Court; and

     c.     All monetary sanctions are denied.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated:  November 7, 2024          s/Donovan W. Frank
                            DONOVAN W. FRANK
                            United States District Judge

## UNITED STATES DISTRICT COURT
### District of Minnesota

Preston Byron Knapp

**JUDGMENT IN A CIVIL CASE**

                        Plaintiff,

v.

                     Case Number: 24-cv-00434-DWF-ECW

Wings Credit Union

                        Defendant.

☐ **Jury Verdict**.  This action came before the Court for a trial by jury.  The issues have been tried and the jury has rendered its verdict.

☒ **Decision by Court**.  This action came to trial or hearing before the Court.  The issues have been tried or heard and a decision has been rendered.

IT IS ORDERED AND ADJUDGED THAT:

1. Wings' motion to dismiss (Doc. No. [7]) is **GRANTED.**

2. Plaintiff's claims in the Complaint (Doc. No. [1]) are **DISMISSED WITH PREJUDICE**.

3. Plaintiff's motion to strike (Doc. No. [13]) is **DENIED**.

4. Plaintiff's motion to amend (Doc. No. [31]) is **DENIED AS MOOT**.

5. Plaintiff's motion for sanctions (Doc. No. [16]) is **DENIED.**

6. Wings' motion for sanctions (Doc. No. [24]) is **GRANTED IN PART** and **DENIED IN PART** as follows:

    a. This case is dismissed with prejudice;

    b. Plaintiff is hereby enjoined from filing any civil action in this

District Court against Wings or any affiliated parties, without first obtaining leave

of Court; and

c. All monetary sanctions are denied.

Date: 11/12/2024                                    KATE M. FOGARTY, CLERK



# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

**Warren E. Burger Federal Building and U.S. Courthouse**
316 North Robert Street
Room 100
St. Paul, MN 55101

**Diana E. Murphy U.S. Courthouse**
300 South Fourth Street
Room 202
Minneapolis, MN 55415

**Gerald W. Heaney Federal Building and U.S. Courthouse and Customhouse**
515 West First Street
Duluth, MN 55802

**Edward J. Devitt U.S. Courthouse and Federal Building**
118 South Mill Street
Fergus Falls, MN 56537

## CIVIL NOTICE

**The appeal filing fee is $605.00. If you are indigent, you can apply for leave to proceed in forma pauperis, ("IFP").**

The purpose of this notice is to summarize the time limits for filing with the District Court Clerk's Office a Notice of Appeal to the Eighth Circuit Court of Appeals or the Federal Circuit Court of Appeals (when applicable) from a final decision of the District Court in a civil case.

***This is a summary only. For specific information on the time limits for filing a Notice of Appeal, review the applicable federal civil and appellate procedure rules and statutes.***

Rule 4(a) of the Federal Rules of Appellate Procedure (Fed. R. App. P.) requires that a Notice of Appeal be filed within:

1. Thirty days (60 days if the United States is a party) after the date of "entry of the judgment or order appealed from;" or
2. Thirty days (60 days if the United States is a party) after the date of entry of an order denying a timely motion for a new trial under Fed. R. Civ. P. 59; or
3. Thirty days (60 days if the United States is a party) after the date of entry of an order granting or denying a timely motion for judgment under Fed. R. Civ. P. 50(b), to amend or make additional findings of fact under Fed. R. Civ. P. 52(b), and/or to alter or amend the judgment under Fed. R. Civ. P. 59; or
4. Fourteen days after the date on which a previously timely Notice of Appeal was filed.

If a Notice of Appeal is not timely filed, a party in a civil case can move the District Court pursuant to Fed. R. App. P. 4(a)(5) to extend the time for filing a Notice of Appeal. This motion must be filed no later than 30 days after the period for filing a Notice of Appeal expires. If the motion is filed after the period for filing a Notice of Appeal expires, the party bringing the motion must give the opposing parties notice of it. The District Court may grant the motion, but only if excusable neglect or good cause is shown for failing to file a timely Notice of Appeal.

# UNITED STATES DISTRICT COURT

for the
DISTRICT OF MINNESOTA

| | | |
|---|---|---|
| PRESTON BYRON KNAPP | ) | |
| | ) | |
| *Plaintiff,* | ) | |
| | ) | |
| vs. | ) | Cause No: 0:24-cv-00434-DWF-ECW |
| | ) | |
| WINGS CREDIT UNION; | ) | Honorable Judge Donovan W. Frank |
| AKA WINGS FINANCIAL CREDIT UNION. | ) | |
| | ) | |
| *Defendants.* | ) | |

_____

## NOTICE OF INTENT TO APPEAL TO THE EIGHTH CIRCUIT

Notice is hereby given that Plaintiff, Preston Byron Knapp, in the above-named case, hereby appeals to the United States Court of Appeals for the Eighth Circuit from the following orders and judgment of the United States District Court for the District of Minnesota:

1. The Amended Memorandum Opinion and Order (Dkt. No. 37), filed on November 8, 2024, by Judge Donovan W. Frank, which granted Defendant Wings Credit Union's Motion to Dismiss and denied Plaintiff's motions.

2. The Final Judgment in a Civil Case (Dkt. No. 38), entered on November 12, 2024, which dismissed the case with prejudice and enjoined Plaintiff from filing further civil actions in this District against Wings Credit Union without prior leave of the Court.

Plaintiff appeals on the grounds that the decisions and judgment were in error, as further detailed in the record of proceedings before the District Court.

Dated:  November 18th, 2024                    RESPECTFULLY SUBMITTED,

                                        BY:     /s/ *Preston Byron Knapp*
                                                Preston Byron Knapp
                                                Plaintiff, Pro Se
                                                Pknapp5@gmail.com
                                                (262) 496-8083

1

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on November 18th, 2024, a copy of the foregoing *Notice of Intent to Appeal to the Eighth Circuit* was filed with the Clerk of this Court as is required by Pro Se litigants.  Plaintiff further certifies that the foregoing was served on all attorneys of record by ECF.

*Distribution*:


Lisa Lamm Bachman
Foley & Mansfield
250 Marquette Ave., Ste. 1200
Minneapolis, MN 55401
612-338-8788
llammbachman@foleymanfield.com

Paul William Magyar
Foley & Mansfield, PLLP
250 Marquette Ave., Ste. 1200
Minneapolis, MN 55401
612-338-8788
pmagyar@foleymanfield.com

Tessa A. Mansfield
Foley & Mansfield, PLLP
250 Marquette Ave., Ste. 1200
612-338-8788
tmansfield@foleymansfield.com

# UNITED STATES DISTRICT COURT
for the
DISTRICT OF MINNESOTA

| | | |
|---|---|---|
| PRESTON BYRON KNAPP | ) | |
| | ) | |
| *Plaintiff,* | ) | |
| | ) | |
| vs. | ) | Cause No: 0:24-cv-00434-DWF-ECW |
| | ) | |
| WINGS CREDIT UNION; | ) | Honorable Judge Donovan W. Frank |
| AKA WINGS FINANCIAL CREDIT UNION. | ) | |
| | ) | |
| *Defendants.* | ) | |

_____

## DOCKETING STATEMENT

1. **Jurisdictional Statement:**

   This appeal is from the final order and judgment of the United States District Court for the District of Minnesota, entered on November 8, 2024, and November 12, 2024, respectively, in Case No. 24-cv-00434-DWF-ECW. The United States Court of Appeals for the Eighth Circuit has jurisdiction over this appeal pursuant to 28 U.S.C. § 1291.

2. **Nature of the Case:**

   This case involves a civil action initiated by the Plaintiff-Appellant, pro se, alleging breach of contract, breach of fiduciary duties, and claims under federal statutes against the Defendant-Appellee. The District Court dismissed the claims with prejudice and enjoined Plaintiff-Appellant from filing additional civil actions against the Defendant without prior approval.

3. **Issues to Be Raised on Appeal:**

   The Plaintiff-Appellant intends to raise the following issues on appeal:

   a. Whether the District Court erred in dismissing Plaintiff-Appellant's claims under Federal Rule of Civil Procedure 12(b)(6).

   b. Whether the District Court's injunction restricting further filings constitutes an abuse of

1

discretion and unduly restricts Plaintiff-Appellant's access to the courts.

c. Whether the District Court properly applied legal and procedural standards in dismissing

Plaintiff-Appellant's motions and granting the Defendant-Appellee's motions.

4. **Related Cases:**

To the best of Plaintiff-Appellant's knowledge, there are no related cases currently pending in

this or any other court.

5. **Transcript Information:**

Plaintiff-Appellant does not intend to order additional transcripts for this appeal as the issues are

based on the existing record and orders.

6. **Briefing Schedule:**

Plaintiff-Appellant proposes the following briefing schedule, subject to the approval of the

Court:

- Appellant's Opening Brief: January 13, 2025

- Appellee's Response Brief: February 3, 2025

- Appellant's Reply Brief: February 17, 2025

7. **Representation:**

Plaintiff-Appellant, Preston Byron Knapp, is proceeding pro se.


Dated:  November 18th, 2024                                    RESPECTFULLY SUBMITTED,

                                                BY:    /s/ *Preston Byron Knapp*
                                                       Preston Byron Knapp
                                                       Plaintiff, Pro Se
                                                       Pknapp5@gmail.com
                                                       (262) 496-8083

## <u>CERTIFICATE OF SERVICE</u>

        I hereby certify that on November 18th, 2024, a copy of the foregoing *DOCKETING STATEMENT* was filed with the Clerk of this Court as is required by Pro Se litigants.  Plaintiff further certifies that the foregoing was served on all attorneys of record by ECF.

*Distribution*:


Lisa Lamm Bachman
Foley & Mansfield
250 Marquette Ave., Ste. 1200
Minneapolis, MN 55401
612-338-8788
llammbachman@foleymanfield.com

Paul William Magyar
Foley & Mansfield, PLLP
250 Marquette Ave., Ste. 1200
Minneapolis, MN 55401
612-338-8788
pmagyar@foleymanfield.com

Tessa A. Mansfield
Foley & Mansfield, PLLP
250 Marquette Ave., Ste. 1200
612-338-8788
tmansfield@foleymansfield.com

# UNITED STATES DISTRICT COURT

for the
DISTRICT OF MINNESOTA

| | | |
|---|---|---|
| PRESTON BYRON KNAPP | ) | |
| | ) | |
| *Plaintiff,* | ) | |
| | ) | |
| vs. | ) | Cause No: 0:24-cv-00434-DWF-ECW |
| | ) | |
| WINGS CREDIT UNION; | ) | Honorable Judge Donovan W. Frank |
| AKA WINGS FINANCIAL CREDIT UNION. | ) | |
| | ) | |
| *Defendants.* | ) | |

_____

## PROPOSED DESIGNATION OF RECORD ON APPEAL

Pursuant to Federal Rules of Appellate Procedure 10 and Eighth Circuit Rule 10A, Plaintiff-

Appellant, Preston Byron Knapp, pro se, respectfully submits the following Proposed Designation of

Record for the appeal:

1. **Pleadings and Motions:**

   o Complaint [Dkt. No. 1]

   o Defendant's Motion to Dismiss [Dkt. No. 7]

   o Plaintiff's Motion to Strike [Dkt. No. 13]

   o Plaintiff's Motion for Sanctions [Dkt. No. 16]

   o Defendant's Motion for Sanctions [Dkt. No. 24]

   o Plaintiff's Motion to Amend Complaint [Dkt. No. 31]

2. **Court Orders:**

   o Text-Only Order Re: Pending Motions [Dkt. No. 29]

   o Amended Memorandum Opinion and Order [Dkt. No. 37]

   o Final Judgment in a Civil Case [Dkt. No. 38]

3. **Other Relevant Filings:**

- o Plaintiff's Response in Opposition to Defendant's Motion for Sanctions [Dkt. No. 30]

- o Defendant's Memorandum in Opposition to Plaintiff's Motion to Amend [Dkt. No. 32]

- o Plaintiff's Reply to Defendant's Opposition to Motion to Amend [Dkt. No. 33]

- o Relevant Declarations and Exhibits Supporting Motions [Dkt. Nos. 10, 27, 36]

4. **Exhibit A - District Court Docket:**

- o A complete copy of the District Court docket in Case No. 24-cv-00434-DWF-ECW, including all docket entries and filings relevant to the above-listed motions, orders, and proceedings.

5. **Additional Documents:**

- o Any additional documents, exhibits, or evidence referenced in the above pleadings and motions that were submitted to the District Court and are necessary for the resolution of the appeal.

Dated:  November 18th, 2024                    RESPECTFULLY SUBMITTED,

                                                            BY:    /s/ *Preston Byron Knapp*
                                                                      Preston Byron Knapp
                                                                      Plaintiff, Pro Se
                                                                      Pknapp5@gmail.com
                                                                      (262) 496-8083

## CERTIFICATE OF SERVICE

        I hereby certify that on November 18th, 2024, a copy of the foregoing *Proposed Designation of Record on Appeal* was filed with the Clerk of this Court as is required by Pro Se litigants.  Plaintiff further certifies that the foregoing was served on all attorneys of record by ECF.

*Distribution*:

Lisa Lamm Bachman                         Paul William Magyar
Foley & Mansfield                              Foley & Mansfield, PLLP
250 Marquette Ave., Ste. 1200            250 Marquette Ave., Ste. 1200
Minneapolis, MN 55401                     Minneapolis, MN 55401

2

612-338-8788                              612-338-8788
llammbachman@foleymanfield.com            pmagyar@foleymanfield.com

Tessa A. Mansfield
Foley & Mansfield, PLLP
250 Marquette Ave., Ste. 1200
612-338-8788
tmansfield@foleymansfield.com

3

CLOSED,CV

# U.S. District Court
## U.S. District of Minnesota (DMN)
## CIVIL DOCKET FOR CASE #: 0:24–cv–00434–DWF–ECW

Knapp v. Wings Credit Union
Assigned to: Judge Donovan W. Frank
Referred to: Magistrate Judge Elizabeth Cowan Wright
Demand: $9,999,000
Cause: 28:1331 Fed. Question

Date Filed: 02/12/2024
Date Terminated: 11/04/2024
Jury Demand: Plaintiff
Nature of Suit: 140 Negotiable Instrument
Jurisdiction: Federal Question

**Plaintiff**

**Preston Byron Knapp**     represented by     **Preston Byron Knapp**
2624 North Saunders Lake Drive
Minnestrista, MN 55364
262–496–8083
Email: pknapp5@gmail.com
PRO SE

V.

**Defendant**

**Wings Credit Union**     represented by     **Lisa Lamm Bachman**
*also known as*
Wings Financial Credit Union

Foley & Mansfield, PLLP
250 Marquette Avenue
Suite 540
Minneapolis, MN 55401
612–338–8788
Fax: 612–338–8690
Email: llammbachman@foleymansfield.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Paul William Magyar**
Foley & Mansfield, PLLP
250 Marquette Avenue
Suite 540
Minneapolis, MN 55401
612–338–8788
Email: pmagyar@foleymansfield.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Tessa A. Mansfield**
Foley & Mansfield, PLLP
None
250 Marquette Avenue
Suite 540
Minneapolis, MN 55401
612–338–8788
Fax: 612–338–8690
Email: tmansfield@foleymansfield.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|---|---|---|
| 02/12/2024 | 1 | COMPLAINT against Wings Credit Union filed by Preston Byron Knapp. Case assigned to Judge Donovan W. Frank per 3rd, 4th – Master list, referred to Magistrate Judge Elizabeth Cowan Wright. (Attachments: # 1 Civil Cover Sheet, # 2 Envelope) (jam) Document QCd on 3/7/2024 (MMG). (Entered: 02/12/2024) |

| 02/12/2024 | 2 | LETTER from Clerk's Office to re: Filing Fee, enclosing (AO 239) Application to Proceed in District Court Without Prepaying Fees or Costs cc: Preston Byron Knapp (jam) (Entered: 02/12/2024) |
|---|---|---|
| 02/13/2024 | 3 | RECEIPT number AMNDC–0000602 in the amount of $405.00 issued to Preston Knapp. (KMO) (Entered: 02/13/2024) |
| 02/14/2024 | 4 | Summons Issued as to Wings Credit Union. (MKB) cc: Knapp with Info Sheet on Service. Modified text on 2/14/2024 (MKB). (Entered: 02/14/2024) |
| 02/28/2024 | 5 | Clerk's Notice of APPLICATION FOR PRO SE LITIGANT TO FILE ELECTRONICALLY. Preston Byron Knapp is GRANTED e–filing privileges in this case. Pursuant to F.R.Cv.P. Rule 5 and 7(d), Preston Byron Knapp has consented to electronic service and has agreed to waive service by other means for all subsequent filings in this case, except when electronic service is not allowed under the rules. (KMO) (Entered: 02/28/2024) |
| 03/13/2024 | 6 | NOTICE of Appearance by Tessa A. Mansfield on behalf of Wings Credit Union. (Mansfield, Tessa) (Entered: 03/13/2024) |
| 03/13/2024 | 7 | MOTION to Dismiss/General filed by Wings Credit Union. (Mansfield, Tessa) (Entered: 03/13/2024) |
| 03/13/2024 | 8 | NOTICE OF HEARING ON MOTION 7 MOTION to Dismiss/General : Date and time to be determined. (Mansfield, Tessa) (Entered: 03/13/2024) |
| 03/13/2024 | 9 | MEMORANDUM in Support re 7 MOTION to Dismiss/General filed by Wings Credit Union. (Attachments: # 1 LR7.1/LR72.2 Word Count Compliance Certificate)(Mansfield, Tessa) (Entered: 03/13/2024) |
| 03/13/2024 | 10 | Declaration of Tessa Mansfield Hirte in Support of 7 MOTION to Dismiss/General filed by Wings Credit Union. (Attachments: # 1 Exhibit(s) 1, # 2 Exhibit(s) 2, # 3 Exhibit(s) 3, # 4 Exhibit(s) 4, # 5 Exhibit(s) 5)(Mansfield, Tessa) (Entered: 03/13/2024) |
| 03/13/2024 | 11 | MEET and CONFER STATEMENT re 7 Motion to Dismiss/General filed by Wings Credit Union.(Mansfield, Tessa) (Entered: 03/13/2024) |
| 03/13/2024 | 12 | PROPOSED ORDER TO JUDGE re 7 MOTION to Dismiss/General filed by Wings Credit Union.(Mansfield, Tessa) (Entered: 03/13/2024) |
| 03/13/2024 | 13 | First MOTION to Strike Pleading 7 MOTION to Dismiss/General filed by Preston Byron Knapp. (Knapp, Preston) (Entered: 03/13/2024) |
| 03/13/2024 | 14 | EXHIBIT *A – Meet & Confer Request* re 13 First MOTION to Strike Pleading 7 MOTION to Dismiss/General filed by Preston Byron Knapp.(Knapp, Preston) (Entered: 03/13/2024) |
| 03/13/2024 | 15 | PROPOSED ORDER TO JUDGE re 13 First MOTION to Strike Pleading 7 MOTION to Dismiss/General filed by Preston Byron Knapp.(Knapp, Preston) (Entered: 03/13/2024) |
| 03/13/2024 | 16 | First MOTION for Sanctions *Against Attorney Tessa Mansfield Hirte* filed by Preston Byron Knapp. (Knapp, Preston) (Entered: 03/13/2024) |
| 03/13/2024 | 17 | PROPOSED ORDER TO JUDGE re 16 First MOTION for Sanctions *Against Attorney Tessa Mansfield Hirte* filed by Preston Byron Knapp.(Knapp, Preston) (Entered: 03/13/2024) |
| 03/15/2024 | 18 | SUMMONS Returned Executed by Preston Byron Knapp. Wings Credit Union served on 3/15/2024, answer due 4/5/2024. (Attachments: # 1 Affidavit of Service Wings)(Knapp, Preston) Modified text on 3/19/2024 (MKB). (Entered: 03/15/2024) |
| 03/17/2024 | 19 | NOTICE by Preston Byron Knapp (Knapp, Preston) (Entered: 03/17/2024) |
| 03/20/2024 | 20 | MEMORANDUM in Opposition re 13 First MOTION to Strike Pleading 7 MOTION to Dismiss/General filed by Wings Credit Union. (Attachments: # 1 LR7.1/LR72.2 Word Count Compliance Certificate)(Mansfield, Tessa) (Entered: 03/20/2024) |

| 03/20/2024 | 21 | DECLARATION of Tessa Mansfield Hirte in Opposition to 13 First MOTION to Strike Pleading 7 MOTION to Dismiss/General filed by Wings Credit Union. (Attachments: # 1 Exhibit(s) 1)(Mansfield, Tessa) (Entered: 03/20/2024) |
|---|---|---|
| 03/20/2024 | 22 | MEMORANDUM in Opposition re 16 First MOTION for Sanctions *Against Attorney Tessa Mansfield Hirte* filed by Wings Credit Union. (Attachments: # 1 LR7.1/LR72.2 Word Count Compliance Certificate)(Mansfield, Tessa) (Entered: 03/20/2024) |
| 03/20/2024 | 23 | DECLARATION of Tessa Mansfield Hirte in Opposition to 16 First MOTION for Sanctions *Against Attorney Tessa Mansfield Hirte* filed by Wings Credit Union. (Attachments: # 1 Exhibit(s) 1, # 2 Exhibit(s) 2, # 3 Exhibit(s) 3, # 4 Exhibit(s) 4, # 5 Exhibit(s) 5)(Mansfield, Tessa) (Entered: 03/20/2024) |
| 04/18/2024 | 24 | MOTION for Sanctions filed by Wings Credit Union. (Mansfield, Tessa) (Entered: 04/18/2024) |
| 04/18/2024 | 25 | NOTICE OF HEARING ON MOTION 24 MOTION for Sanctions : Date and time to be determined. (Mansfield, Tessa) (Entered: 04/18/2024) |
| 04/18/2024 | 26 | MEMORANDUM in Support re 24 MOTION for Sanctions filed by Wings Credit Union. (Attachments: # 1 LR7.1/LR72.2 Word Count Compliance Certificate)(Mansfield, Tessa) (Entered: 04/18/2024) |
| 04/18/2024 | 27 | Declaration of Tessa Mansfield Hirte in Support of 24 MOTION for Sanctions filed by Wings Credit Union. (Attachments: # 1 Exhibit(s) A, # 2 Exhibit(s) B, # 3 Exhibit(s) C)(Mansfield, Tessa) (Entered: 04/18/2024) |
| 04/18/2024 | 28 | PROPOSED ORDER TO JUDGE re 24 MOTION for Sanctions filed by Wings Credit Union.(Mansfield, Tessa) (Entered: 04/18/2024) |
| 04/19/2024 | 29 | TEXT ONLY ORDER – The Court has reviewed the pending motions filed in this case. These include motions filed at Doc. Nos. 7 , 13 , 16 , and 24 . It appears that all motions, with the exception of Defendant's Motion for Sanctions at Doc. No. 24 , are fully briefed and ready for the Court's consideration. The Court will permit Plaintiff to file a response to Defendant's motion for sanctions. Once that motion is fully briefed, the Court will take all pending matters under advisement and will rule on the papers, without oral argument. With the exception of Plaintiff's response brief noted above, the parties shall refrain from filing any additional motions until the Court rules on the motions presently on the docket. Ordered by Judge Donovan W. Frank on 4/19/2024.(las) (Entered: 04/19/2024) |
| 04/24/2024 | 30 | RESPONSE in Opposition re 24 MOTION for Sanctions filed by Preston Byron Knapp.(Knapp, Preston) (Entered: 04/24/2024) |
| 06/14/2024 | 31 | First MOTION to Alter/Amend/Supplement Pleadings 1 Complaint, *Wings* filed by Preston Byron Knapp. (Attachments: # 1 Exhibit(s) Exhibit A – Wings – Amended Complaint for Damages, # 2 Proposed Order Granting – Wings – Amended Complaint for Damages)(Knapp, Preston) (Entered: 06/14/2024) |
| 06/21/2024 | 32 | MEMORANDUM in Opposition re 31 First MOTION to Alter/Amend/Supplement Pleadings 1 Complaint, *Wings* filed by Wings Credit Union. (Attachments: # 1 LR7.1/LR72.2 Word Count Compliance Certificate)(Magyar, Paul) (Entered: 06/21/2024) |
| 06/28/2024 | 33 | REPLY re 32 Memorandum in Opposition to Motion *for Leave to Amend Complaint for Damages* filed by Preston Byron Knapp.(Knapp, Preston) (Entered: 06/28/2024) |
| 09/19/2024 | 34 | NOTICE by Preston Byron Knapp re 30 Response in Opposition to Motion, 16 First MOTION for Sanctions *Against Attorney Tessa Mansfield Hirte*, 13 First MOTION to Strike Pleading 7 MOTION to Dismiss/General , 29 Order to Party File Document/Respond to Court,,, 7 MOTION to Dismiss/General , 24 MOTION for Sanctions *TO THE COURT* (Knapp, Preston) (Entered: 09/19/2024) |
| 11/04/2024 | 35 | MEMORANDUM OPINION AND ORDER – Wings' motion to dismiss (Doc. No. 7 ) is GRANTED. Plaintiff's claims in the Complaint (Doc. No. 1 ) are DISMISSED WITH PREJUDICE. Plaintiff's motion to strike (Doc. No. 13 ) is DENIED. Plaintiff's motion to amend (Doc. No. 31 ) is DENIED AS MOOT. Plaintiff's motion for sanctions (Doc. No. 16 ) is DENIED. Wings' motion for sanctions (Doc. No. 24 ) is GRANTED IN PART AND DENIED IN PART. (Written Opinion) Signed by Judge |

| | | |
|---|---|---|
| | | Donovan W. Frank on 11/4/2024. (See Order for Specifics) (las) (Entered: 11/04/2024) |
| 11/05/2024 | 36 | JUDGMENT (Attachments: # 1 Civil Notice – appeal)(MKB) (Entered: 11/05/2024) |
| 11/08/2024 | 37 | AMENDED MEMORANDUM OPINION AND ORDER – Wings' motion to dismiss (Doc. No. 7 ) is GRANTED. Plaintiff's claims in the Complaint (Doc. No. 1 ) are DISMISSED WITH PREJUDICE. Plaintiff's motion to strike (Doc. No. 13 ) is DENIED. Plaintiff's motion to amend (Doc. No. 31 ) is DENIED AS MOOT. Plaintiff's motion for sanctions (Doc. No. 16 ) is DENIED. Wings' motion for sanctions (Doc. No. 24 ) is GRANTED IN PART AND DENIED IN PART. (Written Opinion) Signed by Judge Donovan W. Frank on 11/7/2024. (See Order for Specifics) (las) (Entered: 11/08/2024) |
| 11/12/2024 | 38 | JUDGMENT (Attachments: # 1 Civil Notice – appeal)(MKB) (Entered: 11/12/2024) |



# UNITED STATES
# DISTRICT COURT
# DISTRICT OF MINNESOTA

**Warren E. Burger Federal Building and U.S. Courthouse**
316 North Robert Street
Room 100
St. Paul, MN 55101

**Diana E. Murphy U.S. Courthouse**
300 South Fourth Street
Room 202
Minneapolis, MN 55415

**Gerald W. Heaney Federal Building and U.S. Courthouse and Customhouse**
515 West First Street
Duluth, MN 55802

**Edward J. Devitt U.S. Courthouse and Federal Building**
118 South Mill Street
Fergus Falls, MN 56537

## TRANSMITTAL OF APPEAL

Date:   November 19, 2024

To:     U.S. COURT OF APPEALS, 8TH CIRCUIT

From:  MKB U.S. District Court-Minnesota

In Re:  District Court Case No. 24-cv-00434-DWF-ECW
        Eighth Circuit Case No.:  Not yet assigned
        Case Title:  Knapp v. Wings Credit Union

The statutory filing fee has:
☒been paid, receipt number: AMNDC-11493451
☐not been paid as of
        IFP   ☐is   ☐is not pending
☐been waived because:
        ☐Application for IFP granted   ☐USA filed appeal

Length of Trial: N/A

Was a court reporter utilized?   ☐Yes   ☒No
        If yes, please identify the court reporter: