# IN THE UNITED STATES COURT OF APPEALS

## for the Eighth Circuit

### APPELLATE CAUSE NO. 24-3359

| | | |
|---|---|---|
| PRESTON BYRON KNAPP | ) | Appeal from the United States |
| | ) | District Court – Minnesota District |
| *Appellant,* | ) | |
| | ) | |
| | ) | |
| VS. | ) | District Court Case No. |
| | ) | 0:24-cv-00434-DWF-ECW |
| | ) | |
| WINGS CREDIT UNION, | ) | |
| aka WINGS FINANCIAL CREDIT UNION | ) | |
| *Appellee.* | ) | The Honorable Donovan W. Frank, |
| | ) | District Court Judge |

---

## APPELLANT BRIEF

---

PRESTON BYRON KNAPP, Appellant/Plaintiff, Pro Se
2624 North Saunders Lake Drive
Minnetrista, MN 55364
Phone: (262) 496-8083

---

## ORAL ARGUMENT REQUESTED

---

# DISCLOSURE STATEMENT

The undersigned, Plaintiff-Appellants, Pro Se, furnish the following list in compliance with Circuit Rule 26.1A:

1. The full name of every party or amicus that attorneys represent in the case: **NONE.** The Party Preston Knapp is proceeding Pro Se.

2. Said parties are not a corporation.

3. The name of all law firms whose partners or associates have appeared for a party in the district court or are expected to appear for the party in the case: **None. The Appellant party is proceeding Pro Se**.

Dated: December 27th, 2024


*/s/ **Preston Byron Knapp**_____*
Preston Byron Knapp, Appellant, Pro Se

# TABLE OF CONTENTS

DISCLOSURE STATEMENT ……………………………………..........1

TABLE OF AUTHORITIES ........................................................3, 4
      CASES/STATUTES/RULES .........................................3, 4

JURISDICTIONAL STATEMENT ...............................................5

ISSUES PRESENTED ..................................................................5

STATEMENT OF THE CASE AND FACTS .................................7

SUMMARY OF ARGUMENT ......................................................9

ARGUMENT ..............................................................................10

CERTIFICATE OF COMPLIANCE WITH FEDERAL RULE OF
APPELLATE PROCEDURE 32(a)(7) ........................................31

NOTICE OF FILING AND PROOF OF SERVICE ...................32

# TABLE OF AUTHORITIES

# CASES/STATUTES/RULES

*28 U.S.C. § 1291 (Jurisdiction over appeals)* ..........................................................4

*Fed. R. App. P. 4*.......................................................................................................4

Local Rule 7.1..........................................................4, 9, 10, 11, 12, 24, 25, 28, 29

Federal Rule of Civ. P. 12(b)(6).........................................................................5, 8, 13

Federal Rule of Civ. P. 15(a)...........................................................5, 8, 20, 21, 23, 29

Federal Rule of Civ. P. 11................................................5, 6, 8, 23, 25, 26, 27, 29

*Hollingsworth v. Perry, 558 U.S. 183, 190 (2010)*....................................................18

*In re Sanford Law Firm v., No. 23-2682 (8th Cir. 2024)*.........................................11

*Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)*............................................................13

*Haines v. Kerner, 404 U.S. 519, 520 (1972)*......................................................13, 25

*Minnesota Rule of Professional Conduct 3.7*...................................................14, 28

*Federal Rule of Evidence 602*.....................................................................14, 27, 28

*Federal Rule of Evidence 401*.....................................................................15, 27, 28

*Federal Rule of Evidence 402*.....................................................................15, 27, 28

*Federal Rule of Evidence 403*.................................................................................15

*Dataphase Sys., Inc. v. C.L. Sys., Inc., 640 F.2d 109, 113 (8th Cir. 1981)*.............16

*Bounds v. Smith, 430 U.S. 817, 821 (1977)*.............................................................17

*In re Tyler, 839 F.2d 1290, 1292 (8th Cir. 1988)*....................................................17

*Tripati v. Beaman,* 878 F.2d 351, 353 (10th Cir. 1989)...........................................18

*eBay Inc. v. MercExchange, L.L.C.*, 547 U.S. 388, 391 (2006).............................18

*Ortiz v. Stewart,* 149 F.3d 923, 936 (9th Cir. 1998)................................................19

*Mountain Home Flight Serv., Inc. v. Baxter County,*
758 F.3d 1038, 1044 (8th Cir. 2014).......................................................................20

*Foman v. Davis,* 371 U.S. 178, 182 (1962).......................................................21, 22

*Bennett v. Schmidt,* 153 F.3d 516 (7th Cir. 1998)...................................................22

*Clark v. United Parcel Serv., Inc.,*
460 F.3d 1004, 1008 (8th Cir. 2006).......................................................................23

*Business Guides, Inc. v. Chromatic Commc'ns Enters., Inc.,*
498 U.S. 533, 551 (1991).......................................................................................24

*Cooter & Gell v. Hartmarx Corp*., 496 U.S. 384, 393 (1990)................................26

## JURISDICTIONAL STATEMENT

This appeal arises from a final judgment entered by the United States District Court for the District of Minnesota in Case No. 0:24-cv-00434-DWF-ECW, *Preston Byron Knapp v. Wings Credit Union, a/k/a Wings Financial Credit Union*. The district court entered its **Final Judgment on November 12, 2024**, dismissing the Plaintiff-Appellant's claims with prejudice and issuing an injunction prohibiting Plaintiff-Appellant from filing further actions without prior leave of court.

The United States Court of Appeals for the Eighth Circuit has jurisdiction under **28 U.S.C. § 1291**, which grants the courts of appeals jurisdiction over final decisions of the district courts. This appeal was timely filed on **November 16, 2024**, within the 30-day time limit prescribed by **Federal Rule of Appellate Procedure 4(a)(1)(A)**.

## ISSUES PRESENTED

1. **Did the District Court Err in Failing to Address Defendant's Non-Compliance with Local Rule 7.1, Rendering the Motion to Dismiss Procedurally Defective?**

   - Defendant failed to meet and confer with Plaintiff-Appellant as required by **Local Rule 7.1** and omitted the mandatory certification. Did the

District Court's acceptance of the non-compliant filing constitute an abuse of discretion?

## 2. Did the District Court Err in Dismissing Plaintiff-Appellant's Complaint Under Rule 12(b)(6)?

- The District Court dismissed Plaintiff-Appellant's claims as frivolous without adequately considering the allegations in the complaint or construing them liberally as required for pro se litigants.

## 3. Was the Injunction Prohibiting Plaintiff-Appellant from Filing Future Actions Without Leave of Court an Abuse of Discretion?

- The District Court imposed an overbroad injunction barring Plaintiff-Appellant from filing any future lawsuits against Defendant without prior approval, raising significant access-to-court concerns.

## 4. Did the District Court Err in Denying Plaintiff-Appellant's Motion to Amend the Complaint as Moot?

- Plaintiff-Appellant sought to amend his complaint to address perceived deficiencies. Did the District Court's denial of this motion contravene the liberal amendment policy under Rule 15(a)?

## 5. Did the District Court Properly Apply Rule 11 Standards in Partially Granting Defendant's Motion for Sanctions?

- The District Court imposed Rule 11 sanctions despite Plaintiff-Appellant's good-faith pursuit of claims based on nonfrivolous legal theories.

## STATEMENT OF THE CASE AND FACTS

### Factual Background

Plaintiff-Appellant Preston Byron Knapp filed the initial complaint on **February 7, 2024**, alleging claims against Defendant-Appellee Wings Credit Union, a/k/a Wings Financial Credit Union, for breach of contract, breach of fiduciary duty, fraud, and violations of federal statutes, including the Federal Reserve Act and Title 18 of the United States Code. These claims arose from disputes involving a mortgage loan and a home equity line of credit ("HELOC"), which Plaintiff-Appellant alleged were improperly handled by the Defendant.

The Plaintiff-Appellant further alleged that negotiable instruments, including promissory notes and bills of exchange, were improperly treated, and that the Defendant failed to fulfill its obligations under the Uniform Commercial Code and federal statutes.

### Procedural History

1. **Complaint Filing and Initial Motions**:

   - The Defendant filed a ***Motion to Dismiss*** on **March 13, 2024**, asserting that the claims were frivolous and unsupported by law.

- The Plaintiff-Appellant filed motions to strike and for sanctions, arguing procedural defects in the Defendant's filings and misconduct by defense counsel.

2. **Court Orders and Rulings**:

   - On **April 19, 2024**, the District Court issued an order addressing pending motions and allowing the Plaintiff-Appellant to respond to the Defendant's Motion for Sanctions while prohibiting additional filings.

   - On **November 5, 2024**, the District Court granted the *Defendant's Motion to Dismiss* and partially granted the *Motion for Sanctions*, enjoining the Plaintiff-Appellant from filing further actions without court approval. Monetary sanctions were denied.

3. **Motion to Amend and Final Ruling**:

   - The Plaintiff-Appellant sought leave to file an amended complaint on **June 14, 2024**, which was denied as moot due to the dismissal of the case.

   - The District Court issued its **Final Judgment on November 12, 2024**, dismissing the case with prejudice and finalizing sanctions.

**Appellate Context**

Plaintiff-Appellant timely filed a Notice of Appeal on **November 16, 2024**, challenging the District Court's dismissal, the denial of leave to amend, and the imposition of sanctions.

## SUMMARY OF THE ARGUMENT

The District Court erred in dismissing Plaintiff-Appellant's claims under **Rule 12(b)(6)** by improperly characterizing them as frivolous. Plaintiff-Appellant's allegations, though unconventional, were presented in good faith and raised nonfrivolous interpretations of law and fact. The dismissal prematurely denied the opportunity for discovery and the proper development of the record.

The injunction imposed by the District Court, barring Plaintiff-Appellant from filing future lawsuits without prior approval, was an abuse of discretion. Such a restriction is overly broad, punitive, and infringes upon Plaintiff-Appellant's fundamental right of access to the courts.

The denial of Plaintiff-Appellant's Motion to Amend the Complaint was unwarranted. **Rule 15(a)** of the Federal Rules of Civil Procedure mandates that leave to amend should be freely given when justice so requires. By denying this opportunity, the District Court prevented Plaintiff-Appellant from addressing perceived deficiencies in the original pleadings.

Finally, the partial grant of sanctions against Plaintiff-Appellant under **Rule 11** misapplied the standard for sanctions. Plaintiff-Appellant acted in good faith

and presented his claims based on a reasonable interpretation of the law. The

sanctions, combined with the dismissal and injunction, constitute an excessive and

unjustified penalty.

For these reasons, Plaintiff-Appellant respectfully requests that this

Honorable Court reverse the District Court's rulings, vacate the injunction, and

remand the case for further proceedings.

## ARGUMENT

### I. The District Court Abused Its Discretion by Failing to Address Defendant's Procedural Violations of Local Rule 7.1

**Standard of Review**

The appellate court reviews the District Court's procedural rulings, such as

compliance with local rules and associated decisions, for **abuse of discretion**. A

procedural ruling constitutes an abuse of discretion when the District Court fails to

adhere to its own procedural requirements, resulting in unfair prejudice or the

improper administration of justice (***Hollingsworth v. Perry***, 558 U.S. 183, 190

(2010)).

### A. The District Court Erred in Failing to Address Defendant's Non-Compliance with Local Rule 7.1

*Local Rule 7.1* requires parties to meet and confer in good faith before filing

motions, including dispositive motions. Defendant's failure to comply with these

requirements rendered its *Motion to Dismiss* procedurally defective, and the

District Court's acceptance of the motion without addressing these deficiencies constitutes an abuse of discretion.

1. **Failure to Meet and Confer Prior to Filing**

   - Defendant's "Meet and Confer Statement" admitted that no actual meet-and-confer session took place before filing the Motion to Dismiss. Defendant relied solely on a conditional statement that it would supplement the filing if it managed to meet with Plaintiff in the future.

   - *Local Rule 7.1(a)* expressly requires a substantive attempt to meet and confer before filing, a prerequisite that was entirely absent in this case.

2. **Absence of Required Certification**

   - *Local Rule 7.1(a)(1)(B)* mandates that the meet-and-confer statement **certify** the moving party's compliance with the rule. Defendant's filing lacked this certification, further violating the procedural requirements and rendering its *Motion to Dismiss* procedurally invalid.

3. **Prejudice to Plaintiff-Appellant**

   - By filing the *Motion to Dismiss* without compliance, Defendant's counsel circumvented the **mandatory** process designed to foster good-faith resolution of disputes. This premature filing prejudiced Plaintiff-Appellant, forcing him to address a procedurally defective motion rather than focusing on the merits of his claims.

## B. The District Court's Acceptance of Defendant's Procedurally Deficient Filing Was an Abuse of Discretion

Courts have consistently held that compliance with local rules is not optional but mandatory. By accepting Defendant's non-compliant *Motion to Dismiss*, the District Court failed to enforce its own rules, resulting in procedural irregularities that warrant reversal.

### 1. Local Rule 7.1 Is Not a Mere Formality

- *Local Rule 7.1* serves a substantive purpose: fostering efficient and fair resolution of disputes by requiring parties to engage in good-faith discussions before burdening the Court with motions. Failure to enforce this rule undermines its purpose and allows parties to manipulate the judicial process.

### 2. Precedent Supports Reversal for Procedural Non-Compliance

- Courts have consistently invalidated motions filed in violation of mandatory procedural requirements. In *re **Sanford Law Firm v., No. 23-2682 (8th Cir. 2024)***, the Eighth Circuit reversed sanctions imposed by a district court due to **insufficient notice** and **procedural irregularities** in sanctioning attorneys for alleged misconduct. **This case highlights the importance of adhering to procedural safeguards to ensure fairness and avoid prejudicing parties**. (*emphasis added*)

### 3. Impact on Judicial Integrity and Resources

- Defendant's non-compliance created unnecessary motion practice and procedural confusion, wasting judicial resources and placing Plaintiff-Appellant at an undue disadvantage.

## C. Defendant's Non-Compliance Further Undermines the Integrity of the Judicial Process

Plaintiff-Appellant's *Motion to Strike* emphasized that Defendant's non-compliance with *Local Rule 7.1* extended beyond procedural deficiencies to include bad-faith conduct. Defendant's counsel disregarded clear procedural **mandates,** effectively bypassing the integrity-preserving mechanisms of the Federal Rules of Civil Procedure.

### 1. Failure to Act in Good Faith

- The record demonstrates that Defendant's counsel failed to engage with Plaintiff-Appellant meaningfully, opting instead to file the Motion to Dismiss without satisfying the meet-and-confer requirement. This approach contradicts the principles of fairness and professionalism inherent in the judicial system.

### 2. Erosion of Procedural Fairness

- Procedural rules exist to ensure equitable treatment for all parties. By permitting Defendant's deficient filing, the District Court compromised these safeguards, to the detriment of Plaintiff-Appellant and the broader interests of justice.

## II. The District Court Erred in Considering the Declaration of Defendant's Counsel, Which Violates Evidentiary and Professional Conduct Standards

**Standard of Review**

The appellate court reviews a dismissal under Federal Rule of Civil Procedure 12(b)(6) *de novo*. The court must accept all factual allegations in the complaint as true and construe them in the light most favorable to the plaintiff. Dismissal is only appropriate if the complaint fails to state a claim that is plausible on its face (*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).

### A. The District Court Erred in Dismissing Plaintiff-Appellant's Complaint as Frivolous

### 1. Failure to Consider Allegations Liberally as Required for Pro Se Litigants

- The District Court dismissed Plaintiff-Appellant's claims as frivolous without adequately considering the allegations in the complaint or applying the required liberal standard for pro se pleadings (*Haines v. Kerner*, 404 U.S. 519, 520 (1972)).

- Plaintiff-Appellant's claims, although unconventional, raised specific allegations of ***breach of contract*** and violations of federal and state laws, which warranted further examination rather than outright dismissal.

### B. The Declaration of Tessa Mansfield Hirte Does Not Constitute Admissible Evidence

1. **Violation of Minnesota Rule of Professional Conduct 3.7**

- Under **Rule 3.7**, a lawyer **shall not** act as an advocate at trial in which they are likely to be a necessary witness unless the testimony relates to an uncontested issue or legal fees. The Declaration of Tessa Mansfield Hirte improperly combines the roles of **advocate** and **witness**, creating ***prejudice*** against Plaintiff-Appellant and undermining the integrity of the proceedings.

- The dual role of Attorney Hirte contravenes **Comment [1]** of Rule 3.7, which explicitly highlights the risks of ***prejudice*** and conflict of interest when a lawyer serves as both advocate and witness.

2. **Failure to Meet Rule 602's Personal Knowledge Requirement**

- **Federal Rule of Evidence 602** requires that a witness testify only on matters within their personal knowledge. The Declaration provided by Attorney Hirte lacks any direct, firsthand knowledge of the underlying transactions and relies instead on secondary documents, making it inadmissible.

- Without meeting the foundational requirement of firsthand knowledge, the Declaration should not have been considered by the District Court.

C. **The Declaration Fails Under the Standards for Relevance and Admissibility**

1. **Irrelevance Under Rule 401 and Inadmissibility Under Rule 402**

- Evidence is relevant only if it makes a fact of consequence more or less probable (***Federal Rule of Evidence 401***). The Declaration does not provide evidence probative of any material fact in dispute and thus fails the threshold test of relevancy.

- Under ***Rule 402***, irrelevant evidence is inadmissible.

## 2. Prejudice and Confusion Under Rule 403

- Even if the Declaration had some marginal relevance, it should have been excluded under ***Rule 403***, as its minimal probative value is substantially outweighed by the risk of **unfair prejudice** and confusion.

- The Declaration serves to improperly bolster *Defendant's Motion to Dismiss* by presenting a lawyer's testimony, which is inherently **prejudicial** in its combination of advocacy and evidence. (*emphasis added*)

## D. The District Court's Dismissal Was Premature

## 1. Improper Reliance on Defendants' Unsupported Assertions

- The District Court relied heavily on *Defendant's Motion to Dismiss* and supporting documents, including Attorney Hirte's Declaration, without giving Plaintiff-Appellant an opportunity to present counter-evidence or conduct discovery.

- The premature dismissal denied Plaintiff-Appellant the right to develop the factual record and address any perceived deficiencies in his claims.

**2. Failure to Consider Plaintiff-Appellant's Claims in Light of Relevant Legal Standards**

- Plaintiff-Appellant presented substantive allegations of breach of contract and fiduciary duty, which warranted further inquiry under the liberal pleading standards afforded to pro se litigants. The District Court's failure to adequately consider these claims represents reversible error.

**III. The District Court's Overbroad Injunction Violates Plaintiff-Appellant's Right of Access to the Courts and Lacks Evidentiary Support**

**Standard of Review**

The appellate court reviews the issuance of an injunction for **abuse of discretion.** An abuse of discretion occurs when a court bases its decision on an erroneous view of the law, makes a clearly erroneous assessment of the evidence, or imposes a remedy that is excessively broad relative to the harm it seeks to address (*Dataphase Sys., Inc. v. C.L. Sys., Inc.*, 640 F.2d 109, 113 (8th Cir. 1981)).

**A. The Injunction Violates Plaintiff-Appellant's Constitutional Right of Access to the Courts**

**1. Fundamental Right of Access to the Courts**

- The right of access to the courts is a fundamental principle enshrined in the U.S. Constitution, essential for ensuring the ability of

individuals to seek redress for grievances (***Bounds v. Smith***, 430 U.S. 817, 821 (1977)).

- By requiring prior judicial approval for any future filings, the District Court effectively denies Plaintiff-Appellant the opportunity to pursue legitimate claims against Defendant.

### 2. Overreach of the Injunction

- While courts have inherent authority to curb abusive litigation practices, such measures must be narrowly tailored to address specific abuses (***In re Tyler***, 839 F.2d 1290, 1292 (8th Cir. 1988)).

- The injunction imposed on Plaintiff-Appellant is overly broad, as it applies universally to all future claims against Defendant, regardless of their merit or subject matter.

## B. The Injunction Is Not Supported by Evidence of Vexatious Litigation

### 1. Lack of Findings to Justify the Injunction

- The record does not contain sufficient evidence of vexatious or abusive litigation by Plaintiff-Appellant to warrant such an extreme remedy.

- The District Court's order lacks specific findings identifying a pattern of frivolous or harassing lawsuits, a prerequisite for issuing injunctive

relief of this nature (***Tripati v. Beaman***, 878 F.2d 351, 353 (10th Cir. 1989)).

## 2. Single Instance of Litigation Does Not Justify the Remedy

- Plaintiff-Appellant initiated a single lawsuit against Defendant, challenging specific actions related to contractual and fiduciary obligations. This isolated case does not demonstrate the type of persistent abuse that would justify filing restrictions.

## C. The Injunction Fails the Balancing Test Required for Equitable Relief

### 1. Disproportionate Scope Relative to the Harm

- An injunction must balance the equities, ensuring that the remedy addresses the harm without imposing undue burdens on the restrained party (***eBay Inc. v. MercExchange, L.L.C.***, 547 U.S. 388, 391 (2006)).

- Here, the harm to Plaintiff-Appellant's fundamental rights far outweighs any speculative harm to Defendant, particularly in light of the lack of evidence of vexatious litigation.

### 2. Alternative Remedies Were Available

- Instead of imposing a sweeping restriction, the District Court could have addressed any perceived issues with narrower remedies, such as

requiring specific pre-filing certifications for claims deemed repetitive or frivolous (***Ortiz v. Stewart***, 149 F.3d 923, 936 (9th Cir. 1998)).

## D. The Injunction Creates a Chilling Effect on Legitimate Claims

### 1. Discouragement of Future Legal Action

- By imposing pre-filing approval requirements, the injunction discourages Plaintiff-Appellant from pursuing any meritorious claims, undermining the principles of open access to justice and fair adjudication.

- This chilling effect extends beyond Plaintiff-Appellant, setting a troubling precedent for other pro se litigants seeking redress against powerful entities.

### 2. Potential Misuse by Defendant

- The broad scope of the injunction could be exploited by Defendant to evade accountability for future misconduct, knowing that Plaintiff-Appellant faces additional hurdles to filing a complaint.

## IV. The District Court Erred in Denying Plaintiff-Appellant's Motion to Amend the Complaint as Moot

**Standard of Review**

The appellate court reviews a district court's denial of a motion to amend a complaint for **abuse of discretion**. However, where the denial is based on the

application of legal principles, the standard of review is *de novo* (***Mountain Home***

***Flight Serv., Inc. v. Baxter County***, 758 F.3d 1038, 1044 (8th Cir. 2014)).

Under ***Federal Rule of Civil Procedure 15(a)(2)***, leave to amend should be
freely given when justice so requires. This liberal policy is rooted in the principle
that cases should be decided on their merits rather than technicalities (***Foman v.***

***Davis***, 371 U.S. 178, 182 (1962)).

## A. Rule 15(a) Mandates a Liberal Standard for Granting Leave to Amend

### 1. Policy Favoring Amendments

- ***Rule 15(a)(2)*** embodies a liberal standard to ensure that parties have
  the opportunity to present their claims fully. Courts have consistently
  held that leave to amend should be denied only for specific reasons,
  such as undue delay, bad faith, repeated failure to cure deficiencies, or
  futility of amendment (***Foman v. Davis***, 371 U.S. 178, 182 (1962)).

### 2. No Valid Basis for Denial

- The District Court denied Plaintiff-Appellant's Motion to Amend as
  moot following its dismissal of the complaint. However, the court did
  not address whether the proposed amendments would cure the alleged
  deficiencies in the original complaint, nor did it evaluate the motion
  under the liberal standard mandated by ***Rule 15(a)***.

- Denying the motion solely on the basis of procedural mootness, without considering the substance of the proposed amendments, contravenes the intent of ***Rule 15(a)***.

## B. The Denial of Leave to Amend Prejudiced Plaintiff-Appellant

### 1. Foreclosing the Opportunity to Cure Deficiencies

- Plaintiff-Appellant's motion sought to address perceived deficiencies identified in the Defendant's Motion to Dismiss. By denying leave to amend, the District Court effectively foreclosed the opportunity to refine and clarify the claims, prejudicing Plaintiff-Appellant's ability to pursue relief on the merits.

### 2. Premature Termination of the Case

- The denial of leave to amend, combined with the dismissal of the complaint, resulted in the premature termination of the case, contrary to the principle that disputes should be resolved on substantive grounds whenever possible (***Foman v. Davis***, 371 U.S. 178, 182 (1962)).

## C. Courts Routinely Grant Leave to Amend Under Similar Circumstances

### 1. Precedent Supporting Amendments to Address Deficiencies

- Courts have routinely granted leave to amend where plaintiffs seek to address deficiencies identified in a motion to dismiss. For example, in

*Bennett v. Schmidt*, 153 F.3d 516 (7th Cir. 1998), the court emphasized that dismissal without the opportunity to amend is rarely appropriate unless the plaintiff demonstrates bad faith or futility.

- Plaintiff-Appellant's proposed amendments were intended to clarify legal theories and include additional factual allegations, demonstrating good faith and a commitment to addressing the District Court's concerns.

## 2. Lack of Bad Faith or Futility

- There is no evidence that Plaintiff-Appellant acted in bad faith or that the proposed amendments would have been futile. The District Court's failure to engage in this analysis constitutes reversible error.

## D. The District Court's Denial Contravenes the Interests of Justice

## 1. Rule 15(a)'s Purpose

- The primary purpose of **Rule 15(a)** is to ensure that cases are decided on their merits rather than procedural technicalities. Denying leave to amend in this instance undermined that purpose and deprived Plaintiff-Appellant of the opportunity to have his claims heard.

## 2. Minimal Burden on Defendant

- Granting leave to amend would not have imposed an undue burden on Defendant, as the case remained at an early procedural stage. The

District Court's denial thus disproportionately impacted Plaintiff-Appellant without a corresponding justification.

## V. The District Court Erred in Partially Granting Rule 11 Sanctions Against Plaintiff-Appellant

**Standard of Review**

The appellate court reviews the imposition of **Rule 11** sanctions for **abuse of discretion**. However, the underlying legal determination of whether **Rule 11** standards were met is reviewed *de novo* (***Clark v. United Parcel Serv., Inc.***, 460 F.3d 1004, 1008 (8th Cir. 2006)).

**Rule 11** sanctions are reserved for filings that are frivolous, legally unreasonable, or made for improper purposes, such as harassment or delay. Courts must exercise caution to avoid chilling the pursuit of legitimate claims or penalizing good-faith arguments for extending or modifying existing law (***Business Guides, Inc. v. Chromatic Commc'ns Enters., Inc.***, 498 U.S. 533, 551 (1991)).

**A. Defendant Failed to Comply with the Mandatory Meet-and-Confer Requirements Under Local Rule 7.1**

**1. Failure to Meet and Confer**

- Local Rule 7.1(a)(1) requires parties to engage in a substantive meet-and-confer session prior to filing any motion, including a motion for

sanctions. The purpose of this rule is to resolve disputes without unnecessary court intervention, ensuring efficiency and fairness.

- In this case, Defendant failed to conduct a meet-and-confer with Plaintiff-Appellant before filing its motion for sanctions. This procedural failure directly violates **Local Rule 7.1(a)(1)** and undermines the integrity of the motion.

## 2. Absence of Certification

- **Local Rule 7.1(a)(1)(B)** mandates that the meet-and-confer process be certified by the moving party in its filing, stating the date, method, and outcome of the discussion. Defendant's motion does not include this mandatory certification, further confirming that no meet-and-confer took place.

- The absence of this certification is not a mere technical defect; it reflects a failure to comply with a critical procedural safeguard, rendering the motion procedurally deficient.

## 3. Impact of the Procedural Violation

- Defendant's disregard for **Local Rule 7.1** deprived Plaintiff-Appellant of an opportunity to resolve or narrow the issues raised in the motion for sanctions, resulting in unnecessary motion practice and prejudicing Plaintiff-Appellant.

**B. Plaintiff-Appellant's Claims Were Pursued in Good Faith**

1. **Rule 11's Standard for Nonfrivolous Claims**

   - **Rule 11(b)** permits sanctions only when a claim is objectively frivolous or lacks any basis in law or fact. Plaintiff-Appellant's claims were grounded in recognizable legal theories and supported by factual allegations, as detailed in the complaint.

   - Courts have consistently held that pro se litigants should be given greater latitude in pursuing claims, particularly when their filings reflect an honest effort to seek redress (*Haines v. Kerner*, 404 U.S. 519, 520 (1972)).

2. **Reasonable Basis for Legal Arguments**

   - Plaintiff-Appellant's claims addressed breaches of contract, fiduciary duties, and violations of federal statutes, supported by specific allegations regarding Defendant's conduct. Even if the court ultimately found the claims unpersuasive, they were not frivolous under **Rule 11** standards.

**C. No Evidence of Improper Purpose**

1. **Rule 11's Purpose Requirement**

   - **Rule 11** sanctions are intended to deter filings made for improper purposes, such as harassment or delay. Defendant presented **no**

**evidence** suggesting that Plaintiff-Appellant's filings were motivated by such purposes. Instead, the claims were the product of Plaintiff-Appellant's genuine belief in their merit and a desire for redress.

2. **Improper Use of Sanctions as Retaliation**

- The timing and nature of Defendant's motion for sanctions suggest it was filed primarily to intimidate and punish Plaintiff-Appellant rather than to address genuine procedural concerns. Courts have condemned such misuse of **Rule 11** as inconsistent with its purpose (***Cooter & Gell v. Hartmarx Corp.***, 496 U.S. 384, 393 (1990)).

## D. The District Court Relied on Inadmissible and Irrelevant Evidence

1. **Improper Reliance on Counsel's Declaration**

- As argued earlier, the Declaration of Defendant's counsel, Tessa Mansfield Hirte, fails to meet the standards for admissibility under **Federal Rules of Evidence 401, 402, and 602**. The Declaration lacks **firsthand knowledge** of material facts and is **irrelevant** to the merits of Plaintiff-Appellant's claims.

2. **No Probative Evidence Supporting Sanctions**

- **Rule 11** requires evidence demonstrating that the challenged filings lacked factual support. The District Court imposed sanctions without considering whether Plaintiff-Appellant's claims were sufficiently

grounded in fact or law, relying instead on conclusory assertions by Defendant.

## E. Rule 11 Sanctions Create a Chilling Effect on Legitimate Claims

### 1. Impact on Pro Se Litigants

- The imposition of sanctions against Plaintiff-Appellant, a pro se litigant, sets a troubling precedent that could deter other individuals from pursuing legitimate claims due to fear of penalties. **Rule 11** should not be applied in a manner that disproportionately disadvantages pro se litigants, who often face unique challenges in navigating complex legal processes.

### 2. Discouragement of Novel Legal Arguments

- Plaintiff-Appellant's claims, while unconventional, sought to address perceived legal wrongs. Penalizing such efforts undermines the principle that litigants should have the opportunity to advance good-faith arguments for extending or modifying existing law.

## Conclusion

The District Court committed multiple errors that warrant reversal and remand. First, it failed to address Defendant's procedural violations of Local Rule 7.1, allowing a motion to proceed that lacked the mandatory meet-and-confer

process and certification. This oversight prejudiced Plaintiff-Appellant and undermined the integrity of the judicial process.

Second, the District Court erred in considering and relying on the Declaration of Defendant's counsel, which violated Minnesota Rule of Professional Conduct 3.7 and evidentiary standards under Federal Rules of Evidence 401, 402, and 602. The improper use of counsel's testimony as evidence blurred the line between advocacy and witness roles, creating prejudice against Plaintiff-Appellant.

Third, the sweeping injunction imposed by the District Court violates Plaintiff-Appellant's constitutional right of access to the courts. The injunction is not narrowly tailored, lacks evidentiary support, and creates a chilling effect on legitimate claims.

Fourth, the denial of Plaintiff-Appellant's Motion to Amend the Complaint as moot contravened the liberal amendment policy under Rule 15(a), depriving Plaintiff-Appellant of the opportunity to address perceived deficiencies and pursue his claims on their merits.

Finally, the District Court abused its discretion in imposing Rule 11 sanctions. Defendant's failure to comply with the mandatory procedural safeguards under Local Rule 7.1 and reliance on inadmissible evidence render the sanctions

improper. Plaintiff-Appellant's claims were pursued in good faith and reflected a legitimate attempt to seek redress for alleged wrongs.

For these reasons, Plaintiff-Appellant respectfully requests that this Honorable Court:

1. Reverse the District Court's dismissal of Plaintiff-Appellant's claims and remand for further proceedings;

2. Vacate the overbroad injunction imposed by the District Court;

3. Direct the District Court to grant Plaintiff-Appellant leave to amend the complaint; and

4. Reverse the sanctions imposed under Rule 11 as procedurally and substantively deficient.

Plaintiff-Appellant further requests any other relief this Court deems just and appropriate to restore fairness and ensure the proper application of procedural and substantive law.

Dated:  December 27th, 2024                    RESPECTFULLY SUBMITTED,

                                               BY:    /s/ *Preston Byron Knapp*
                                                      Preston Byron Knapp
                                                      Plaintiff, Pro Se
                                                      Pknapp5@gmail.com
                                                      (262) 496-8083

## CERTIFICATE OF COMPLIANCE WITH FEDERAL RULE OF APPELLATE PROCEDURE 32(a)(7)

The undersigned certifies that this brief complies with the volume limitations of Federal Rule of Appellate Procedure 32(a)(7) in that it contains **5081** words as shown by Microsoft Word in preparing this brief.

Dated:  December 27th, 2024          RESPECTFULLY SUBMITTED,

BY:      /s/ *Preston Byron Knapp*
Preston Byron Knapp
Plaintiff, Pro Se
Pknapp5@gmail.com
(262) 496-8083

## NOTICE OF FILING AND PROOF OF SERVICE

TO:   Clerk of the United States Court of Appeals for the Eighth Circuit
111 S. 10th Street, Suite 24.329
St. Louis, MO 63102

PLEASE TAKE NOTICE that on December 27th, 2024, the undersigned has filed the following documents with the Clerk of the United States Court of Appeals for the Eighth Circuit:

- **Appellants' Brief** in digital media format, compliant with the Federal Rules of Appellate Procedure, including **Rule 32(a)(7)** regarding word limits and formatting requirements.

Pursuant to **Federal Rule of Appellate Procedure 25** and **Eighth Circuit Local Rule 25A**, this filing has been submitted electronically via the Eighth Circuit's Case Management/Electronic Case Filing (CM/ECF) system, which will serve copies of this filing on all registered parties.

**Distribution:  All Counsel of Record**

Dated:  December 27th, 2024                    RESPECTFULLY SUBMITTED,

                                                                    BY:      /s/ *Preston Byron Knapp*
                                                                                Preston Byron Knapp
                                                                                Plaintiff, Pro Se
                                                                                Pknapp5@gmail.com
                                                                                (262) 496-8083