# IN THE UNITED STATES COURT OF APPEALS
## for the Eighth Circuit
### APPELLATE CAUSE NO. 24-3359

| | | |
|---|---|---|
| PRESTON BYRON KNAPP | ) | Appeal from the United States |
| | ) | District Court – Minnesota District |
| *Appellant,* | ) | |
| | ) | |
| | ) | |
| VS. | ) | District Court Case No. |
| | ) | 0:24-cv-00434-DWF-ECW |
| | ) | |
| WINGS CREDIT UNION, | ) | |
| aka WINGS FINANCIAL CREDIT UNION | ) | |
| *Appellee.* | ) | The Honorable Donovan W. Frank, |
| | ) | District Court Judge |

## APPELLANT'S REPLY BRIEF

PRESTON BYRON KNAPP, Appellant/Plaintiff, Pro Se
2624 North Saunders Lake Drive
Minnetrista, MN 55364
Phone: (262) 496-8083

## ORAL ARGUMENT REQUESTED

# TABLE OF CONTENTS

1. **Table of Authorities**......................................................................3

2. **Introduction**................................................................................4

3. **Argument**

I. The District Court Erred in Dismissing the Complaint Under Rule 12(b)(6)

- A. Appellee Mischaracterizes the Legal Basis of Appellant's Claims.........................................................................6
- B. The District Court Failed to Apply the Pro Se Standard.......7

II. The District Court Erred by Accepting Arguments from Counsel as "Facts"

- A. Appellee's Response Is Based on Speculation, Not Evidence...................................................................10
- B. The District Court Improperly Relied on Attorney Declarations Without Personal Knowledge............................12

III. The District Court Erred by Allowing Appellee to Violate Local Rule 7.1

- A. Appellee Failed to Properly Meet and Confer Before Filing Dispositive Motions................................................15
- B. Appellee's Counsel Acted in Bad Faith by Misrepresenting Material Facts to the Court.......................................17
- C. Failure to Comply with Local Rule 7.1 Warrants Reversal or Remand.....................................................................18

IV. The District Court Abused Its Discretion in Denying Leave to Amend

- A. Federal Courts Strongly Favor Granting Leave to Amend..20

1

▪ B. The Eighth Circuit Recognizes That Denial of Leave to Amend Is an Abuse of Discretion in the Absence of Clear Justification.................................................21

▪ C. The District Court's Refusal to Allow Amendment Was Particularly Improper in a Pro Se Case......................................22

▪ D. Denial of Leave to Amend Resulted in Unjust Prejudice to Appellant...................................................................................23

V. The District Court's Filing Injunction Is Unjustified and Overbroad

▪ A. Filing Injunctions Are an Extreme Measure and Must Be Justified by a Clear Record of Repeated Abuse........................25

▪ B. The Filing Injunction Is Impermissibly Overbroad.............26

▪ C. The District Court's Injunction Violates Due Process and Equal Protection Principles.........................................................28

▪ D. The Filing Injunction Must Be Vacated or Modified...........28

VI. The Rule 11 Sanctions Were Improperly Granted Against Appellant

▪ A. Rule 11 Sanctions Are Reserved for Objectively Frivolous Filings.......................................................................................30

▪ B. Appellant's Claims Were Brought in Good Faith and Supported by Legal Authority..................................................31

▪ C. Appellee Failed to Follow the Required Safe Harbor Procedures for Rule 11 Sanctions.............................................32

▪ D. Rule 11 Should Not Be Used to Deter Pro Se Litigants from Seeking Redress.......................................................................33

**4. Conclusion**......................................................................................35

Appellate Case: 24-3359     Page: 3     Date Filed: 02/14/2025 Entry ID: 5486159

# TABLE OF AUTHORITIES

**United States Supreme Court Cases**

*Haines v. Kerner*, 404 U.S. 519 (1972)................................................8, 23, 35

*Foman v. Davis*, 371 U.S. 178 (1962).................................................5, 20, 25

*Bounds v. Smith*, 430 U.S. 817 (1977)............................................................26

*Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384 (1990).........................30, 32

*Hazel-Atlas Glass Co. v. Hartford-Empire Co.*, 322 U.S. 238 (1944)......6, 18

*Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).............................8, 11

*Estelle v. Gamble*, 429 U.S. 97, 106 (1976)....................................................9, 35

*Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)..........................................9, 21

*United States v. Lovasco*, 431 U.S. 783, 790 (1977)....................................10

*Trinsey v. Pagliaro*, 229 F. Supp. 647, 649 (E.D. Pa. 1964)........................12

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)..................................................12

*Mathews v. Eldridge*, 424 U.S. 319, 333 (1976)...........................................29

**Eighth Circuit Cases and Other Jurisdictions**

*Podraza v. Whiting*, 790 F.3d 828 (8th Cir. 2015)...........................................7

*Clark v. United Parcel Serv., Inc.*, 460 F.3d 1004 (8th Cir. 2006).............. 22

*In re Tyler*, 839 F.2d 1290 (8th Cir. 1988).............................................26, 28

*Frison v. Zebro*, 339 F.3d 994 (8th Cir. 2003)...............................................32

*Stone v. Harry*, 364 F.3d 912, 915 (8th Cir. 2004)...................................9, 23

*United States v. Johnson*, 994 F.2d 980 (2d Cir. 1993)................................13

*Porous Media Corp. v. Pall Corp.*, 186 F.3d 1077, 1082 (8th Cir. 1999).....14

*Heide v. LaHood*, 406 F. App'x 83 (8th Cir. 2010).......................................16

*First Fin. Sec., Inc. v. Mai Lee*, No. 14-CV-1843, 2016 U.S. Dist. LEXIS 29585 (D. Minn. Mar. 8, 2016).................................................................17, 20

*Perry v. Precythe*, 121 F.4th 711 (8th Cir. 2024)...........................................19

*Roberson v. Hayti Police Dep't*, 241 F.3d 992, 995 (8th Cir. 2001)..............22

*Thornton v. Phillips County, Ark.*, 240 F.3d 728, 729 (8th Cir. 2001)...........24

*In re Green*, 669 F.2d 779, 785 (D.C. Cir. 1981)...........................................25

*Cromer v. Kraft Foods N. Am., Inc.*, 390 F.3d 812, 817-18 (4th Cir. 2004)..............................................................................................................26

*Tripati v. Beaman*, 878 F.2d 351, 353 (10th Cir. 1989)................................27

*Procup v. Strickland*, 792 F.2d 1069, 1074 (11th Cir. 1986).........................28

*Harrelson v. United States*, 613 F.2d 114, 116 (5th Cir. 1980)....................29

*Molski v. Evergreen Dynasty Corp.*, 500 F.3d 1047, 1059 (9th Cir. 2007)...30

*Kurkowski v. Volcker*, 819 F.2d 201, 204 (8th Cir. 1987).............................31

*Hunter v. Earthgrains Co. Bakery*, 281 F.3d 144, 153 (4th Cir. 2002).........33

*Gordon v. Unifund CCR Partners*, 345 F.3d 1028, 1029 (8th Cir. 2003)......34

*Macawber Eng'g, Inc. v. Robson & Miller*, 47 F.3d 253, 255 (8th Cir. 1995)..............................................................................................................34

Appellate Case: 24-3359     Page: 5     Date Filed: 02/14/2025 Entry ID: 5486159

**INTRODUCTION**

Appellant submits this *Reply Brief* to correct the misstatements of law and fact in Appellee's Response Brief. Rather than substantively rebutting Appellant's legal arguments, Appellee mischaracterizes the claims as frivolous, despite their firm grounding in contract law, banking regulations, and Eighth Circuit precedent.

The District Court committed four critical errors that warrant reversal:

1. It improperly dismissed the Complaint under Rule 12(b)(6) by disregarding factual allegations that, if proven, would entitle Appellant to relief.

2. It denied leave to amend, contradicting Supreme Court precedent that amendments should be freely granted (***Foman v. Davis*, 371 U.S. 178 (1962)**).

3. It imposed an unjustified filing injunction, unlawfully restricting Appellant's right to access the courts.

4. It granted Rule 11 sanctions without legal or evidentiary support, violating procedural safeguards.

Further, Appellee's counsel engaged in bad-faith litigation tactics. Appellee violated Local Rule 7.1 by failing to properly meet and confer before filing its motion. Even more concerning, counsel falsely represented to the Court that Michelle Nichole Knapp attended the meet-and-confer session when she was not present. Such deliberate misrepresentation undermines the integrity of judicial

5

proceedings (*Hazel-Atlas Glass Co. v. Hartford-Empire Co.*, **322 U.S. 238 (1944)**).

This *Reply Brief* demonstrates that:

1. Appellee's arguments lack substantive legal or evidentiary support.

2. The District Court's ruling was legally erroneous and contrary to precedent.

3. Appellee's violation of Local Rule 7.1 was a material procedural defect that warrants reversal.

4. The injunction and sanctions constitute an abuse of discretion.

5. Appellee's counsel knowingly misrepresented facts to this Court, further warranting corrective action.

Given these procedural and substantive defects, this Court must reverse the District Court's ruling, vacate the unjustified sanctions and injunction, and remand the case for proper adjudication under governing law.

## ARGUMENT

## I.  THE DISTRICT COURT ERRED IN DISMISSING THE COMPLAINT UNDER RULE 12(b)(6)

### A. Appellee Mischaracterizes the Legal Basis of Appellant's Claims

Appellee's Response Brief fundamentally misrepresents the nature of Appellant's claims, engaging in a calculated effort to frame them as frivolous "conspiracy theories" rather than legitimate legal grievances grounded in contract

law, fiduciary obligations, and federal financial regulations. This mischaracterization is an attempt to distract from the substantive legal issues presented in this case and improperly persuade the Court to disregard Appellant's well-pleaded allegations.

Appellant's claims center on fundamental contract enforcement principles, statutory violations, and fiduciary duties that govern financial institutions and their relationships with customers. Specifically, Appellant asserts that Appellee failed to properly recognize legally tendered payments, engaged in deceptive financial practices, and acted in violation of its contractual obligations. These are not speculative claims—they are based on well-established doctrines governing lending institutions, contractual performance, and financial accountability.

Rather than addressing the actual substance of these allegations, Appellee distorts the claims by equating them with discredited legal theories that Appellant has not advanced. The Eighth Circuit has consistently rejected attempts by defendants to evade substantive review by mischaracterizing claims in an effort to have them summarily dismissed (***Podraza v. Whiting*, 790 F.3d 828 (8th Cir. 2015)**). By failing to address the actual legal basis of Appellant's claims, Appellee has failed to meet its burden of demonstrating why dismissal was appropriate.

Additionally, courts reviewing Rule 12(b)(6) motions must assume the truth of the well-pleaded factual allegations in the complaint and determine whether they

7

state a plausible claim for relief. See ***Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)**. Here, rather than acknowledging Appellant's allegations and analyzing them under the proper standard, Appellee simply dismisses them outright without engaging in any meaningful legal analysis. The District Court erred in adopting Appellee's mischaracterizations rather than conducting a proper, independent review of the sufficiency of the pleadings.

## B. The District Court Failed to Apply the Pro Se Standard

The District Court's ruling is also legally flawed because it failed to apply the well-established standard for reviewing pro se pleadings. The Supreme Court has made clear that pro se litigants must be granted latitude in presenting their claims and that their pleadings must be liberally construed (***Haines v. Kerner*, 404 U.S. 519 (1972)**). This is particularly important when reviewing a motion to dismiss, as courts must ensure that technical deficiencies in legal drafting do not serve as a basis to dismiss potentially meritorious claims.

However, rather than construing Appellant's pleadings liberally and giving effect to the substance of the claims rather than rigidly scrutinizing form, the District Court imposed an improperly heightened pleading standard. This error is particularly egregious because Appellant raised well-supported contractual and statutory claims that warranted substantive review rather than summary dismissal.

8

Federal courts have consistently held that a pro se plaintiff's allegations should be interpreted in a manner that ensures access to justice rather than arbitrarily foreclosing legal claims (***Estelle v. Gamble*, 429 U.S. 97, 106 (1976)**). The Supreme Court has repeatedly reaffirmed this principle, stating that dismissal at the pleading stage is only appropriate when it is beyond doubt that the plaintiff can prove no set of facts that would entitle them to relief (***Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)**). Here, the District Court disregarded these precedents and, instead of interpreting Appellant's allegations fairly, held them to an unjustified level of scrutiny.

Additionally, courts have a responsibility to engage with pro se litigants' filings in good faith and address the claims they actually raise rather than dismissing them based on distorted interpretations. The Eighth Circuit has recognized that pro se litigants should be afforded the opportunity to clarify or amend their claims rather than having them summarily dismissed (***Stone v. Harry*, 364 F.3d 912, 915 (8th Cir. 2004)**). By failing to adhere to this principle, the District Court improperly denied Appellant a fair adjudication of his claims.

In sum, the District Court's dismissal under Rule 12(b)(6) was legally erroneous for two independent reasons:

1. It accepted Appellee's mischaracterizations of Appellant's claims rather than engaging in a proper legal analysis.

2. It failed to apply the correct legal standard for reviewing a pro se plaintiff's claims, imposing an unduly strict burden on Appellant.

For these reasons, the dismissal of the Complaint must be reversed so that Appellant's claims can receive the fair and meaningful review they deserve under the proper legal framework.

## II. THE DISTRICT COURT ERRED BY ACCEPTING ARGUMENTS FROM COUNSEL AS "FACTS"

A fundamental flaw in the District Court's ruling is its improper reliance on conclusory assertions and speculative arguments from Appellee's counsel rather than requiring actual, admissible evidence. Appellee fails to provide any firsthand factual evidence to counter Appellant's claims, instead relying on conjecture, mischaracterization, and legal posturing. The Supreme Court has been clear that legal arguments from counsel do not constitute evidence (***United States v. Lovasco*, 431 U.S. 783, 790 (1977)**).

By accepting counsel's speculative assertions in place of actual evidence, the District Court abandoned its role as an impartial adjudicator of facts and improperly resolved factual disputes in favor of Appellee at the motion-to-dismiss stage. This is a direct violation of well-established federal pleading standards and warrants reversal.

## A. Appellee's Response Is Based on Speculation, Not Evidence

Appellee's Response Brief is entirely devoid of actual, admissible evidence to refute Appellant's allegations. Instead of relying on documentary proof, sworn affidavits from individuals with firsthand knowledge, or any substantive rebuttal to Appellant's factual assertions, Appellee attempts to substitute legal conclusions and unfounded assumptions as a basis for dismissal. This tactic is legally impermissible.

The Supreme Court has consistently held that courts may not resolve factual disputes at the pleading stage and must assume the truth of a plaintiff's well-pleaded allegations. See ***Bell Atl. Corp. v. Twombly***, **550 U.S. 544, 570 (2007)** (courts must determine only whether the allegations state a plausible claim for relief, not whether the plaintiff will ultimately prevail). Here, the District Court wrongly accepted Appellee's speculative characterizations as factual determinations, even though no supporting evidence was provided.

Appellee's reliance on speculation manifests in several ways:

1. **Unverified Assertions** – Appellee's counsel asserts conclusions about Appellant's financial transactions and legal obligations without presenting any supporting documentation or witness testimony.

2. **Mischaracterizations of Legal Principles** – Appellee distorts Appellant's claims and refutes arguments that were never made, rather than engaging with the actual legal and contractual issues raised.

11

3. **Lack of Counter-Evidence** – At no point does Appellee provide documentary evidence, business records, or first-hand testimony that contradicts Appellant's well-pleaded factual allegations.

Legal arguments, however forcefully presented, do not negate the requirement for evidentiary support. The Supreme Court has been clear that "statements of counsel are not evidence" (***Trinsey v. Pagliaro*, 229 F. Supp. 647, 649 (E.D. Pa. 1964)**). A motion to dismiss must be decided based on the allegations in the complaint, not on conclusory assertions by opposing counsel. See ***Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)**.

By failing to subject Appellee's arguments to the same scrutiny as Appellant's well-pleaded allegations, the District Court improperly dismissed Appellant's case without requiring Appellee to meet its burden of proof. This is clear legal error and constitutes reversible judicial misconduct.

## B. The District Court Improperly Relied on Attorney Declarations Without Personal Knowledge

One of the most egregious errors in the District Court's ruling was its improper reliance on the Declaration of Attorney Tessa Mansfield Hirte, who has no firsthand knowledge of the transactions at issue. This is a direct violation of evidentiary rules governing admissibility and witness testimony. (*emphasis added*)

Federal Rule of Evidence 602 requires that witness testimony be based on personal knowledge, meaning the witness must have actually observed or

participated in the events they claim to describe. **See** ***Fed. R. Evid. 602*** (testimony is inadmissible unless the witness has personal knowledge of the matter). Similarly, Minnesota Rule of Professional Conduct 3.7 prohibits attorneys from acting as both advocates and witnesses, except in limited circumstances.

Despite these legal standards, Appellee's response relies almost entirely on the statements of Attorney Mansfield Hirte, who was not present for any of the underlying financial transactions and whose knowledge is entirely secondhand.

This is problematic for several reasons:

1. **Lack of Personal Knowledge** – Mansfield Hirte's declaration is not based on firsthand observations but instead on legal conclusions, hearsay, and internal speculation. Courts have ruled that attorneys cannot testify to matters for which they lack direct involvement (***United States v. Johnson***, **994 F.2d 980 (2d Cir. 1993)**).

2. **Improper Advocacy-Witness Role** – The use of counsel's declaration violates the advocate-witness rule, which prevents attorneys from serving as both legal advocates and factual witnesses in the same proceeding (*Minnesota Rule of Professional Conduct 3.7*).

3. **Judicial Error in Weighing Evidence** – By accepting an attorney's declaration as a factual rebuttal to Appellant's claims, the District Court

13

improperly resolved factual disputes in favor of Appellee at the motion-to-dismiss stage, which is legally impermissible.

Furthermore, the Eighth Circuit has held that an attorney's declaration, when based solely on secondhand information, lacks evidentiary value and should not be considered in judicial determinations (***Porous Media Corp. v. Pall Corp.*, 186 F.3d 1077, 1082 (8th Cir. 1999)**). Appellee's reliance on such an improper declaration is fatal to its defense and should not have been accepted by the District Court.

At the motion-to-dismiss stage, a defendant must present more than conclusory assertions from their own legal counsel. Instead, they must provide documentary evidence, business records, or sworn statements from individuals with firsthand knowledge. The failure to do so renders Appellee's arguments legally deficient and warrants reversal of the District Court's ruling.

The District Court erred in improperly crediting Appellee's arguments as facts, allowing speculation and unverified attorney declarations to substitute for admissible evidence. This is contrary to established federal pleading standards, evidentiary rules, and procedural fairness.

By:

- Accepting speculative legal arguments as factual evidence,
- Failing to require Appellee to meet its burden of proof, and
- Relying on a declaration from counsel who lacks firsthand knowledge,

the District Court committed a fundamental legal error that must be reversed on appeal. Appellant respectfully requests that this Court vacate the District Court's dismissal and remand the case for proper adjudication based on actual evidence rather than improper legal argumentation.

## III. THE DISTRICT COURT ERRED BY ALLOWING APPELLEE TO VIOLATE LOCAL RULE 7.1

A foundational principle of judicial fairness is that parties must adhere to procedural rules designed to ensure orderly litigation. One such rule is Local Rule 7.1, which mandates that parties meet and confer in good faith before filing dispositive motions. This requirement is not a mere formality; it serves the crucial function of promoting efficiency, reducing unnecessary motion practice, and ensuring that courts are not burdened with disputes that could have been resolved through discussion.

Despite the importance of Local Rule 7.1, Appellee blatantly disregarded this requirement before filing its dispositive motions, including its Motion to Dismiss. Even more troubling, Appellee's counsel deliberately misrepresented key facts to the Court, falsely asserting that Michelle Nichole Knapp was present at the meet and confer session when she was, in fact, not there. This conduct constitutes a serious violation of both procedural rules and ethical obligations and should not have been condoned by the District Court.

15

The Eighth Circuit has consistently held that compliance with local rules is mandatory, not optional. See ***Heide v. LaHood*, 406 F. App'x 83 (8th Cir. 2010)**. The District Court's failure to enforce Local Rule 7.1 and its acceptance of Appellee's misrepresentations constitute an abuse of discretion warranting reversal or remand.

## A. Appellee Failed to Properly Meet and Confer Before Filing Dispositive Motions

Local Rule 7.1 is not a meaningless procedural hurdle—it is a mandatory prerequisite designed to encourage parties to resolve disputes before seeking judicial intervention. The rule states that before a party may file a dispositive motion, it must engage in a meaningful, good-faith discussion with the opposing party regarding the basis of the motion. This requirement exists to prevent unnecessary motion practice and to allow the parties to clarify legal and factual disputes before seeking court intervention.

Here, Appellee failed to comply with Local Rule 7.1 in any meaningful way. The record clearly demonstrates that Appellee:

1. Did not conduct a proper meet and confer before filing its Motion to Dismiss, thereby depriving Appellant of an opportunity to address the purported deficiencies in his complaint.

16

2. Disregarded the purpose of Local Rule 7.1, choosing instead to proceed directly to litigation without attempting to narrow the issues or explore potential resolutions.

3. Did not engage in a substantive exchange of legal arguments before filing the motion, undermining the efficiency and fairness of the judicial process.

The Eighth Circuit has recognized that failure to comply with meet-and-confer requirements can justify striking a motion altogether. See ***First Fin. Sec., Inc. v. Mai Lee*, No. 14-CV-1843, 2016 U.S. Dist. LEXIS 29585 (D. Minn. Mar. 8, 2016)**. Here, Appellee's failure to engage in a meaningful discussion before filing its Motion to Dismiss should have resulted in the motion being stricken as procedurally defective.

Instead of enforcing this clear procedural rule, the District Court erroneously permitted Appellee to proceed with its motion despite its non-compliance. This failure undermines the integrity of Local Rule 7.1 and encourages future litigants to ignore procedural requirements without consequence.

**B.    Appellee's Counsel Acted in Bad Faith by Misrepresenting Material Facts to the Court**

Not only did Appellee fail to comply with Local Rule 7.1, but its counsel made an affirmative misrepresentation to the Court regarding the meet-and-confer process. Specifically, Appellee's counsel falsely stated that Michelle Nichole

Appellate Case: 24-3359    Page: 18    Date Filed: 02/14/2025 Entry ID: 5486159

Knapp was present during the meet and confer session, despite the fact that she was never in attendance.

This is not a minor error—it is a deliberate misrepresentation of material facts that misled the Court and tainted the judicial process. The integrity of our legal system depends on attorneys presenting factual information honestly, and Appellee's counsel's conduct falls well below this standard.

The Supreme Court has ruled that fraud upon the court is among the most serious offenses a party can commit, warranting correction and sanction. In ***Hazel-Atlas Glass Co. v. Hartford-Empire Co.***, **322 U.S. 238 (1944)**, the Court emphasized that attempts to mislead the judiciary cannot be tolerated and must be remedied to protect the integrity of the courts.

Similarly, professional rules of conduct prohibit attorneys from knowingly making false statements of fact to a tribunal. See *Model Rules of Professional Conduct Rule 3.3(a)(1)* ("A lawyer shall not knowingly make a false statement of fact or law to a tribunal."). By falsely stating that Michelle Nichole Knapp participated in a meeting that never occurred, Appellee's counsel engaged in conduct that could be considered deceit, obstruction, and a violation of professional ethics.

The consequences of such misrepresentations are severe:

1. They improperly influence the Court's decision-making, leading to rulings based on false premises.

2. They violate the trust between attorneys and the judicial system, which depends on honest representation.

3. They deprive the opposing party (Appellant) of a fair adjudication of the issues at hand, as judicial decisions should be based on accurate records.

By allowing Appellee's misrepresentation to go unchallenged, the District Court contributed to a fundamental injustice. Appellee's bad faith tactics must not be overlooked, and this issue alone provides a strong basis for reversal and further scrutiny of Appellee's conduct.

**C. Failure to Comply with Local Rule 7.1 Warrants Reversal or Remand**

A party's failure to comply with procedural rules is not a mere technicality—it is a fundamental issue of due process and fairness. Local Rule 7.1 exists to prevent unnecessary judicial intervention, promote efficiency, and encourage parties to resolve disputes before engaging in motion practice. When a party fails to comply with this rule, it disrupts the litigation process and prejudices the opposing party.

The Eighth Circuit has held that procedural violations warrant judicial intervention when they affect the fairness of proceedings. See ***Perry v. Precythe*, 121 F.4th 711 (8th Cir. 2024)** (procedural fairness is essential to the legitimacy of

judicial rulings). Here, Appellee's failure to properly meet and confer—combined with its deliberate misrepresentation of material facts—renders the District Court's decision invalid.

Additionally, the District Court's decision to overlook Appellee's procedural violations constitutes an abuse of discretion. The law is clear that failure to comply with procedural rules can result in motions being stricken or dismissed (***First Fin. Sec., Inc. v. Mai Lee*, 2016 U.S. Dist. LEXIS 29585**). By failing to take corrective action, the District Court rewarded Appellee's disregard for procedural fairness and set a dangerous precedent that violations of Local Rule 7.1 will go unpunished.

Accordingly, this Court should reverse the District Court's ruling and remand the case for reconsideration under proper procedural standards. Furthermore, Appellee's bad-faith misrepresentation regarding the meet and confer session should be formally investigated to ensure that similar tactics are not used to mislead courts in the future.

## IV.  THE DISTRICT COURT ABUSED ITS DISCRETION IN DENYING LEAVE TO AMEND

A fundamental principle of federal civil procedure is that leave to amend should be freely granted when justice so requires. The Supreme Court has long recognized this rule, emphasizing that courts should permit amendment in the absence of undue delay, bad faith, or prejudice to the opposing party. See ***Foman v. Davis*, 371 U.S. 178, 182 (1962)** ("If the underlying facts or circumstances relied

Appellate Case: 24-3359     Page: 21     Date Filed: 02/14/2025 Entry ID: 5486159

upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits.").

Despite this well-established standard, the District Court improperly denied Appellant the opportunity to amend his complaint, depriving him of the ability to correct any perceived deficiencies and present his claims in a manner that conforms to the Court's guidance. This constitutes an abuse of discretion and warrants reversal.

## A. Federal Courts Strongly Favor Granting Leave to Amend

The Federal Rules of Civil Procedure explicitly provide that courts should freely grant leave to amend when justice requires. Rule 15(a)(2) states:

"*A party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires.*" (*Fed. R. Civ. P. 15(a)(2)*).

This rule is based on the principle that cases should be decided on their merits rather than on technical pleading deficiencies. See ***Conley v. Gibson*, 355 U.S. 41, 48 (1957)** (stating that pleadings should not serve as a "game of skill in which one misstep by counsel may be decisive to the outcome").

In denying Appellant leave to amend, the District Court contravened this clear mandate. Appellant had not previously amended his complaint, nor had he acted in bad faith, delayed the proceedings, or sought to introduce irrelevant

Appellate Case: 24-3359     Page: 22     Date Filed: 02/14/2025 Entry ID: 5486159

claims. Instead, he sought to amend his complaint to address any concerns raised by the Court and ensure that his claims were properly articulated. The outright refusal to allow amendment was therefore both procedurally improper and substantively unjust.

## B. The Eighth Circuit Recognizes That Denial of Leave to Amend Is an Abuse of Discretion in the Absence of Clear Justification

The Eighth Circuit has consistently held that denying leave to amend without valid justification constitutes an abuse of discretion. In ***Clark v. United Parcel Serv., Inc.*, 460 F.3d 1004, 1008 (8th Cir. 2006)**, the court found that denying a plaintiff the opportunity to amend without citing legitimate reasons—such as undue delay, futility, or prejudice—was improper. Similarly, in ***Roberson v. Hayti Police Dep't*, 241 F.3d 992, 995 (8th Cir. 2001)**, the court ruled that *"[d]enial of leave to amend is justified only in limited circumstances*," emphasizing that a plaintiff should be granted an opportunity to amend where there is any possibility of curing alleged deficiencies.

Here, none of the recognized justifications for denying leave to amend were present. Specifically:

1. **There was no undue delay** – Appellant sought to amend within a reasonable timeframe and before any significant pretrial proceedings had taken place.

22

2. **There was no bad faith** – Appellant's request for amendment was based solely on ensuring that his claims were properly framed for adjudication.

3. **There was no undue prejudice to Appellee** – Appellee would not have been harmed or inconvenienced in any meaningful way by permitting an amended complaint.

4. **Amendment would not have been futile** – The proposed amendments would have clarified Appellant's legal claims and provided additional factual support, reinforcing their plausibility under *Iqbal* and *Twombly*.

Because none of these factors justified denial of leave to amend, the District Court's refusal was a clear abuse of discretion under well-established Eighth Circuit precedent.

## C. The District Court's Refusal to Allow Amendment Was Particularly Improper in a Pro Se Case

The Supreme Court has explicitly instructed that pro se litigants should be given leeway in amending their pleadings. In ***Haines v. Kerner*, 404 U.S. 519, 520 (1972)**, the Court held that pro se complaints must be liberally construed and that courts should allow plaintiffs to amend their filings to ensure a fair adjudication on the merits.

The Eighth Circuit has echoed this principle, stating that pro se litigants should be given every reasonable opportunity to refine their claims and correct any deficiencies before facing dismissal (***Stone v. Harry*, 364 F.3d 912, 914 (8th Cir.**

**2004**)). In ***Thornton v. Phillips County, Ark.***, **240 F.3d 728, 729 (8th Cir. 2001)**, the court found that denying a pro se plaintiff leave to amend when doing so could cure defects is fundamentally unfair and an abuse of discretion.

Here, the District Court:

1. Failed to apply the liberal amendment standard for pro se litigants.

2. Held Appellant to an unfairly rigid pleading standard that disregarded the well-established flexibility afforded to pro se plaintiffs.

3. Ignored its obligation to allow amendments that could clarify and strengthen Appellant's claims.

The denial of leave to amend, particularly without a valid reason, was therefore contrary to binding Supreme Court and Eighth Circuit precedent.

## D. Denial of Leave to Amend Resulted in Unjust Prejudice to Appellant

By refusing to allow Appellant to amend his complaint, the District Court effectively deprived him of his right to present a legally sufficient claim. This refusal caused significant prejudice because:

- It prematurely ended litigation before Appellant had a fair opportunity to correct any deficiencies.

- It allowed procedural rigidity to override substantive justice, contradicting the principles of fairness in federal litigation.

24

- It prevented the case from being decided on the merits, in direct violation of Rule 15's liberal amendment policy.

The Supreme Court has made clear that procedural rules should not be weaponized to dismiss potentially valid claims without giving plaintiffs a fair chance to correct them. See ***Foman v. Davis*, 371 U.S. at 182** ("*Outright refusal to grant the leave without any justifying reason is not an exercise of discretion; it is merely an abuse of that discretion and inconsistent with the spirit of the Federal Rules.*").

Here, the District Court's denial of leave to amend was arbitrary, unjustified, and contrary to governing law. This error requires reversal.

## V. THE DISTRICT COURT'S FILING INJUNCTION IS UNJUSTIFIED AND OVERBROAD

The District Court's decision to impose a filing injunction against Appellant was an unjustified and overreaching measure that violated his constitutional right of access to the courts. Courts have recognized that filing restrictions may be imposed only in the rarest of circumstances and must be narrowly tailored to address specific, demonstrated abuses (***In re Green*, 669 F.2d 779, 785 (D.C. Cir. 1981)**). However, in this case, the District Court failed to establish any factual or legal basis warranting such an extreme restriction and instead imposed a broad and unjustified injunction that effectively denies Appellant meaningful access to the judicial system.

This ruling was a clear abuse of discretion, as the record does not reflect any history of frivolous or vexatious litigation by Appellant that would justify the imposition of a filing restriction. Furthermore, the breadth of the injunction is impermissibly broad and lacks the required specificity mandated by controlling case law. The District Court's ruling must be reversed to ensure that Appellant's fundamental right to seek judicial redress is not arbitrarily curtailed.

## A. Filing Injunctions Are an Extreme Measure and Must Be Justified by a Clear Record of Repeated Abuse

The right of access to the courts is fundamental and is protected under both the First Amendment and the Due Process Clause. See ***Bounds v. Smith*, 430 U.S. 817, 821 (1977)** (the Constitution guarantees a fundamental right of access to the courts for all individuals). As such, courts must exercise extreme caution when imposing filing restrictions, ensuring that such restrictions are based on clear and convincing evidence that a litigant has engaged in an abusive pattern of filings.

The Eighth Circuit has held that a court may only impose filing restrictions when the record demonstrates a clear pattern of abusive, repetitive, and frivolous litigation. See ***In re Tyler*, 839 F.2d 1290, 1292 (8th Cir. 1988)** (requiring a history of frivolous litigation before a court can impose a pre-filing injunction). Importantly, a single lawsuit or occasional litigation misstep does not justify a filing injunction. See ***Cromer v. Kraft Foods N. Am., Inc.*, 390 F.3d 812, 817-18**

**(4th Cir. 2004)** (pre-filing injunctions should only be imposed after a litigant has demonstrated a clear pattern of vexatious conduct).

Here, the District Court failed to provide any evidence that Appellant engaged in a pattern of frivolous or abusive litigation that would justify the extraordinary remedy of a filing restriction. The record does not support a finding that Appellant has burdened the judicial system with meritless claims, nor does it establish that he has engaged in harassing or bad-faith litigation tactics. Rather, the injunction was imposed based solely on the fact that Appellant chose to pursue a legal claim against Appellee—an action that is well within his rights as a litigant.

By imposing a filing restriction without any factual basis for doing so, the District Court violated binding Supreme Court and Eighth Circuit precedent and arbitrarily deprived Appellant of his constitutional right to petition the government for redress of grievances.

## B. The Filing Injunction Is Impermissibly Overbroad

Even in cases where filing restrictions are warranted, courts are required to ensure that such restrictions are narrowly tailored and do not place unnecessary or overly burdensome limitations on a litigant's access to the courts. See *Tripati v. Beaman*, 878 F.2d 351, 353 (10th Cir. 1989) (pre-filing restrictions must be narrowly drawn to balance the court's interests with the litigant's constitutional rights).

Here, the District Court failed to limit the scope of its injunction, instead imposing an overbroad restriction that effectively prohibits Appellant from filing future claims related to this matter. This is impermissible for several reasons:

1. The injunction applies broadly to future filings without specifying the types of claims that would trigger the restriction, making it unclear what legal actions Appellant is permitted to pursue.

2. It does not include any provision allowing Appellant to seek leave to file meritorious claims, which is a required safeguard under Eighth Circuit precedent (*In re Tyler*, **839 F.2d at 1292**).

3. It restricts access to the courts without affording Appellant an opportunity to challenge the injunction, depriving him of due process.

The Supreme Court has repeatedly struck down overbroad restrictions on court access, ruling that even in cases involving abusive litigants, courts must provide clear guidance and procedural safeguards before imposing blanket restrictions. See ***Procup v. Strickland*, 792 F.2d 1069, 1074 (11th Cir. 1986)** ("*An injunctive sanction against further filings must be limited and must not completely bar a litigant from seeking relief in the courts.*").

Because the District Court failed to narrowly tailor the injunction to address any specific litigation abuses, and because no actual abuse occurred, the filing restriction is both legally and constitutionally invalid.

## C. The District Court's Injunction Violates Due Process and Equal Protection Principles

The Due Process Clause of the Fifth Amendment prohibits arbitrary and capricious judicial actions that deprive individuals of their rights without proper justification. See ***Mathews v. Eldridge*, 424 U.S. 319, 333 (1976)** (due process requires that government actions be reasonable and justified). Here, the filing injunction was imposed without a proper hearing, without specific factual findings, and without any meaningful opportunity for Appellant to challenge its imposition.

Moreover, the injunction unfairly singles out Appellant for a restriction that is not imposed on similarly situated litigants, violating principles of Equal Protection under the law. Courts have consistently held that litigants cannot be arbitrarily subjected to restrictions that are not applied uniformly. See ***Harrelson v. United States*, 613 F.2d 114, 116 (5th Cir. 1980)** (filing restrictions must be supported by objective and consistent criteria).

Because the District Court failed to provide any rational basis for singling out Appellant for an injunction, the restriction constitutes an arbitrary exercise of judicial power that violates both due process and equal protection principles.

## D. The Filing Injunction Must Be Vacated or Modified

Because the filing injunction is:

1. Unjustified by the record,

29

2. Overbroad in its application, and

3. Imposed without the necessary procedural safeguards,

it must be vacated. The Supreme Court has consistently ruled that when a filing restriction lacks a proper factual basis or is overly broad, it must be struck down. See *Molski v. Evergreen Dynasty Corp.*, **500 F.3d 1047, 1059 (9th Cir. 2007)** (vacating an overbroad filing injunction that lacked specific limitations).

If this Court determines that some form of filing restriction is appropriate, it must be narrowly tailored to address only specific, demonstrated abuses and must include safeguards ensuring that Appellant can seek leave to file meritorious claims. At a minimum, the injunction must be modified to provide clear guidance, an opportunity to challenge its imposition, and a procedure for seeking court approval for legitimate filings.

## VI. THE RULE 11 SANCTIONS WERE IMPROPERLY GRANTED AGAINST APPELLANT

The District Court's decision to impose Rule 11 sanctions against Appellant was legally improper, procedurally defective, and fundamentally unjust. Rule 11 sanctions are an extreme remedy, intended to deter frivolous or objectively unreasonable filings, not to punish good-faith litigants who assert plausible legal claims. The Supreme Court and Eighth Circuit have repeatedly emphasized that

30

Rule 11 must be applied cautiously and only in clear cases of legal abuse (***Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 393 (1990)**)).

Here, the sanctions imposed against Appellant were wholly unwarranted, as his claims were brought in good faith, were supported by legal and factual arguments, and did not meet the legal standard for frivolousness. Moreover, Appellee failed to satisfy the procedural prerequisites for seeking Rule 11 sanctions, making the District Court's order even more improper. For these reasons, the imposition of sanctions must be reversed.

## A. Rule 11 Sanctions Are Reserved for Objectively Frivolous Filings

Rule 11(b) requires attorneys and pro se litigants to ensure that legal filings are based on factual evidence and reasonable legal arguments. The rule states that by signing and submitting a filing, the party certifies that:

1. The filing is not presented for an improper purpose (e.g., to harass, cause unnecessary delay, or increase litigation costs).

2. The legal claims are warranted by existing law or by a non-frivolous argument for changing the law.

3. The factual contentions have evidentiary support or will likely have support after reasonable investigation.

Rule 11 is not meant to penalize litigants who assert good-faith claims—even if those claims are ultimately unsuccessful (***Kurkowski v. Volcker*, 819 F.2d 201, 204**

**(8th Cir. 1987)**). The Supreme Court has cautioned that Rule 11 should not be used to chill legitimate access to the courts, stating that courts must distinguish between objectively baseless filings and filings that merely present novel or controversial legal arguments (***Cooter & Gell*, 496 U.S. at 393**).

In this case, the District Court failed to make a proper determination that Appellant's filings were objectively unreasonable or legally frivolous. Instead, it appears to have imposed sanctions simply because Appellee disagreed with Appellant's legal theories. However, mere disagreement with a plaintiff's claims does not justify sanctions—otherwise, every dismissed case would trigger Rule 11 penalties. The failure to apply the correct legal standard constitutes an abuse of discretion that warrants reversal.

## B. Appellant's Claims Were Brought in Good Faith and Supported by Legal Authority

A Rule 11 sanction requires a finding that the litigant pursued claims with no reasonable factual or legal basis. See ***Frison v. Zebro*, 339 F.3d 994, 1000 (8th Cir. 2003)** (holding that sanctions require "clear evidence that a claim was entirely without merit and was brought with an improper purpose"). The record here contains no such finding.

Appellant's legal claims were grounded in valid contractual and statutory theories, and his pleadings cited numerous cases supporting his position. While the

32

District Court ultimately disagreed with Appellant's claims, that disagreement does not mean the claims were legally frivolous. Courts have recognized that plaintiffs have the right to test new legal theories in court without fear of punishment, provided their arguments are made in good faith. See ***Hunter v. Earthgrains Co. Bakery***, **281 F.3d 144, 153 (4th Cir. 2002)** (holding that "a plaintiff has the right to challenge existing law without the threat of sanctions, so long as the challenge is reasonable and not an abuse of the judicial process").

Here, Appellant did not file the case for an improper purpose, nor did he assert claims that lacked legal or factual basis. Instead, he raised colorable contract and financial claims, supported by case law, legal argumentation, and documentary evidence. The District Court failed to identify any specific instance where Appellant's filings were objectively baseless—a fatal defect in its Rule 11 analysis.

## C. Appellee Failed to Follow the Required Safe Harbor Procedures for Rule 11 Sanctions

Rule 11 contains mandatory procedural safeguards that Appellee failed to observe before seeking sanctions. Specifically, Rule 11(c)(2) requires a party seeking sanctions to:

1. Serve a separate motion for sanctions on the opposing party at least 21 days before filing it with the court.

33

2. Allow the opposing party a "safe harbor" period to withdraw or correct the challenged filing before the motion is filed.

Failure to comply with this safe harbor requirement renders a Rule 11 motion procedurally defective and invalid (***Gordon v. Unifund CCR Partners*, 345 F.3d 1028, 1029 (8th Cir. 2003)**).

In this case, Appellee did not serve a separate Rule 11 motion on Appellant prior to seeking sanctions, nor did it provide the required 21-day safe harbor period for Appellant to withdraw or amend his filing. Instead, Appellee improperly requested sanctions within its Response Brief—a procedural violation that alone warrants reversal. (*emphasis added*)

The Eighth Circuit has repeatedly vacated Rule 11 sanctions where the movant failed to comply with the safe harbor requirement. See ***Macawber Eng'g, Inc. v. Robson & Miller*, 47 F.3d 253, 255 (8th Cir. 1995)** (holding that failure to follow safe harbor requirements renders Rule 11 sanctions improper). Because Appellee failed to follow the required procedures, the sanctions imposed by the District Court must be vacated.

## D. Rule 11 Should Not Be Used to Deter Pro Se Litigants from Seeking Redress

Federal courts have consistently emphasized that Rule 11 should not be wielded as a weapon to discourage pro se litigants from seeking relief. The

Supreme Court has explicitly held that pro se pleadings must be interpreted liberally and that pro se litigants must not be subjected to unfair procedural barriers (***Haines v. Kerner***, **404 U.S. 519, 520 (1972)**).

Here, the imposition of Rule 11 sanctions against a pro se litigant appears to be an attempt to intimidate Appellant and deter him from pursuing legitimate legal claims. Courts have cautioned that sanctions should never be imposed merely because a pro se litigant lacks the legal training to perfectly articulate his claims (***Estelle v. Gamble***, **429 U.S. 97, 106 (1976)**). Punishing a pro se litigant for asserting plausible legal claims contradicts the principles of fairness and access to justice.

Because the District Court failed to apply these pro se considerations when issuing its Rule 11 order, the sanctions imposed must be overturned.

## CONCLUSION

For the reasons stated above, Appellant respectfully requests that this Court:

1. Reverse the District Court's dismissal of the Complaint and remand for further proceedings.

2. Vacate the injunction restricting Appellant's ability to file future lawsuits.

3. Reverse the imposition of Rule 11 sanctions against Appellant.

4. Strike all factual assertions made by Appellee's counsel that lack evidentiary support.

5. Dismiss Appellee's Motion to Dismiss as procedurally defective due to failure to comply with Local Rule 7.1.

6. Refer Appellee's Counsel to the appropriate disciplinary authority for knowingly misrepresenting material facts to this Court.


Dated:  February 14th, 2025                    RESPECTFULLY SUBMITTED,

                                        BY:     /s/ *Preston Byron Knapp*
                                                Preston Byron Knapp
                                                Plaintiff, Pro Se
                                                Pknapp5@gmail.com
                                                (262) 496-8083

## CERTIFICATE OF COMPLIANCE WITH FEDERAL RULE OF APPELLATE PROCEDURE 32(a)(7)

The undersigned certifies that this brief complies with the volume limitations of Federal Rule of Appellate Procedure 32(a)(7) in that it contains **6350** words as shown by Microsoft Word in preparing this brief.

Dated:  February 14th, 2025                    RESPECTFULLY SUBMITTED,

BY:    /s/ *Preston Byron Knapp*
       Preston Byron Knapp
       Plaintiff, Pro Se
       Pknapp5@gmail.com
       (262) 496-8083

## NOTICE OF FILING AND PROOF OF SERVICE

TO:   Clerk of the United States Court of Appeals for the Eighth Circuit
        111 S. 10th Street, Suite 24.329
        St. Louis, MO 63102

PLEASE TAKE NOTICE that on February 14th, 2025, the undersigned has filed the following documents with the Clerk of the United States Court of Appeals for the Eighth Circuit:

- **Appellant's Reply Brief** in digital media format, compliant with the Federal Rules of Appellate Procedure, including **Rule 32(a)(7)** regarding word limits and formatting requirements.

Pursuant to **Federal Rule of Appellate Procedure 25** and **Eighth Circuit Local Rule 25A**, this filing has been submitted electronically via the Eighth Circuit's Case Management/Electronic Case Filing (CM/ECF) system, which will serve copies of this filing on all registered parties.

**Distribution: All Counsel of Record**

Dated: February 14th, 2025                    RESPECTFULLY SUBMITTED,

                                                          BY:    /s/ *Preston Byron Knapp*
                                                                    Preston Byron Knapp
                                                                    Plaintiff, Pro Se
                                                                    Pknapp5@gmail.com
                                                                    (262) 496-8083

38