# IN THE UNITED STATES COURT OF APPEALS
## for the Eighth Circuit
### APPELLATE CAUSE NO. 24-3359

| | |
|---|---|
| PRESTON BYRON KNAPP | Appeal from the United States District Court – Minnesota District |
| *Appellant,* | |
| VS. | District Court Case No. 0:24-cv-00434-DWF-ECW |
| WINGS CREDIT UNION, aka WINGS FINANCIAL CREDIT UNION | |
| *Appellee.* | The Honorable Donovan W. Frank, District Court Judge |

## PETITION FOR PANEL REHEARING AND PETITION FOR REHEARING EN BANC

PRESTON BYRON KNAPP, Appellant/Plaintiff, Pro Se
2624 North Saunders Lake Drive
Minnetrista, MN 55364
Phone: (262) 496-8083

## ORAL ARGUMENT REQUESTED

# INTRODUCTION

Pursuant to Rules 35 and 40 of the Federal Rules of Appellate Procedure, Appellant Preston Byron Knapp respectfully petitions this Court for Panel Rehearing and Rehearing En Banc of its March 18, 2025, Per Curiam Opinion affirming the District Court's dismissal of his action, denial of leave to amend, and imposition of a pre-filing restriction.

Appellant contends that the panel overlooked critical procedural and constitutional issues warranting rehearing, including:

1. The improper denial of a formal, timely motion for leave to amend a pro se complaint;
2. The imposition of a filing restriction without appropriate notice or opportunity to respond;
3. The failure to apply proper standards for assessing pro se pleadings and appellate rights.

# GROUNDS FOR REHEARING

## I. Improper Denial of Leave to Amend Violated Established Precedent

Appellant timely filed a formal motion for leave to amend, which was denied by the District Court without proper justification. Under Supreme Court precedent, leave to amend should be "freely given when justice so requires." (*Foman v. Davis*, 371 U.S. 178, 182 (1962)).

The Eighth Circuit has repeatedly emphasized this standard, especially for pro se litigants. In **Meehan v. United Consumers Club Franchising Corp., 312 F.3d 909, 913 (8th Cir. 2002)**, the Court held that denying leave without explanation or an opportunity to cure deficiencies constitutes reversible error.

Further, in **Michaelis v. Nebraska State Bar Ass'n, 717 F.2d 437, 438–39 (8th Cir. 1983)**, the Court clarified that amendment must be permitted unless it is clear no amendment could cure the pleading. This standard was not met here, as Appellant was not given the chance to address perceived deficiencies.

## II. Pre-Filing Injunction Imposed Without Procedural Safeguards

The District Court imposed a filing restriction on Appellant without notice or an opportunity to respond. Such restrictions must follow due process and are appropriate only in cases of repeated and abusive litigation (**In re Tyler, 839 F.2d 1290, 1292 (8th Cir. 1988)**).

No record supports a finding of frivolous or bad-faith litigation sufficient to warrant such a severe sanction. Moreover, the Court failed to provide the procedural protections required before restricting future filings, as emphasized in **Pavilonis v. King, 626 F.2d 1075, 1079 (1st Cir. 1980)**, which has been cited approvingly in various circuits.

## III. Exceptional Importance of the Issues Involved

This case raises important systemic concerns:

- **Access to Justice for Pro Se Litigants**: The Court's decision, if left unreviewed, discourages pro se filings and undermines the Supreme Court's holding in *Haines v. Kerner*, **404 U.S. 519 (1972)**, that pro se pleadings should be liberally construed.

- **Judicial Gatekeeping**: The imposition of pre-filing restrictions without cause or process risks undue judicial overreach and obstructs access to courts.

- **Constitutional and Procedural Integrity**: Denying leave to amend without reason and restricting court access raises serious questions about due process and the fair administration of justice.

These issues justify not only panel rehearing but full court review.

**RELIEF REQUESTED**

Appellant respectfully requests that this Court:

1. Grant this Petition for Panel Rehearing and Rehearing En Banc;
2. Vacate the judgment affirming the dismissal and filing restriction;
3. Remand the case for further proceedings with opportunity to amend the complaint;
4. Provide guidance to ensure procedural fairness and due process for all litigants.

Dated: March 30th, 2025   RESPECTFULLY SUBMITTED,

BY:   /s/ *Preston Byron Knapp*
Preston Byron Knapp
Plaintiff, Pro Se
Pknapp5@gmail.com
(262) 496-8083

# CERTIFICATE OF COMPLIANCE WITH FEDERAL RULE OF APPELLATE PROCEDURE 32(a)(7)

The undersigned certifies that this Petition complies with the volume limitations of Federal Rule of Appellate Procedure 32(a)(7) in that it contains **867** words as shown by Microsoft Word in preparing this Petition.

Dated: March 30th, 2025   RESPECTFULLY SUBMITTED,

BY:   /s/ *Preston Byron Knapp*
Preston Byron Knapp
Plaintiff, Pro Se
Pknapp5@gmail.com
(262) 496-8083

4

Appellate Case: 24-3359   Page: 5   Date Filed: 03/30/2025 Entry ID: 5501161

# NOTICE OF FILING AND PROOF OF SERVICE

TO: Clerk of the United States Court of Appeals for the Eighth Circuit
111 S. 10th Street, Suite 24.329
St. Louis, MO 63102

PLEASE TAKE NOTICE that on March 30th, 2025, the undersigned has filed the following documents with the Clerk of the United States Court of Appeals for the Eighth Circuit:

- **Appellant's Petition for Rehearing and Rehearing En Banc** in digital media format, compliant with the Federal Rules of Appellate Procedure, including **Rule 32(a)(7)** regarding word limits and formatting requirements.

Pursuant to **Federal Rule of Appellate Procedure 25** and **Eighth Circuit Local Rule 25A**, this filing has been submitted electronically via the Eighth Circuit's Case Management/Electronic Case Filing (CM/ECF) system, which will serve copies of this filing on all registered parties.

**Distribution:** All Counsel of Record

Dated: March 30th, 2025            RESPECTFULLY SUBMITTED,

    BY:   /s/ *Preston Byron Knapp*
           Preston Byron Knapp
           Plaintiff, Pro Se
           Pknapp5@gmail.com
           (262) 496-8083